James L. Blair, #016125
Roger W. Hall, #013727
RENAUD COOK DRURY MESAROS, PA
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, Arizona 85004-4417
jblair@rcdmlaw.com
rhall@rcdmlaw.com
(602) 307-9900
*Attorneys for Plaintiff*

Jeffrey F. Reina (Pro Hac Vice)
LIPSITZ, GREEN, FAHRINGER
ROLL, SALISBURY & CAMBRIA, LLP
42 Delaware Avenue, Ste 300
Buffalo, NY 14202-3857
jreina@lglaw.com
(716) 849-1333
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON, <br><br> Plaintiff, <br><br> v. <br><br> "REGAN MEDIA," JUDITH REGAN, as an individual, <br><br> Defendant. | CV 05-0854 PHX EHC <br><br> **MOTION FOR DETERMINATION THAT ARIZONA LAW APPLIES TO THIS MATTER** <br><br> (*Assigned to the Honorable Earl H. Carroll*) |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual, <br><br> Defendants/Counterclaimants, <br><br> v. <br><br> JENNA MASSOLI, p/k/a JENNA JAMESON, an individual, <br><br> Plaintiff/Counterdefendant, <br><br> and <br><br> JAY GRDINA, an individual, <br><br> Third-Party Counterdefendant. | (Oral Argument Requested) |

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 1)

Case 2:05-cv-00854-EHC   Document 34   Filed 08/02/2005   Page 1 of 7

Dockets.Justia.com

Plaintiff/counterdefendant Jenna Massoli, p/k/a Jenna Jameson and counterdefendant Jay Grdina (collectively, "Plaintiffs"), by and through their counsel undersigned, hereby move this Court to make a determination that Arizona law applies to this case.

Defendants/counterclaimants Judith Regan and Regan Media (collectively, "Defendants") have asserted claims and theories of recovery in their pleadings that are grounded in Arizona law, and have taken procedural steps that would only be necessary if Arizona law applies. Accordingly, Defendants have waived whatever right they may have had to assert that New York law applies.

This Motion is supported by the attached Memorandum of Points and Authorities, as well as the record in this case.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Applicable Law.**

Under both Arizona and New York law, a party can waive contractual provisions by taking actions that are inconsistent with those provisions. The Arizona Supreme Court has held that:

> [A] waiver is either the expressed, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment.[2]

New York law is similar:

> Under the doctrine of waiver, "a party may, by words or conduct, waive a provision in a contract where you eliminate a condition in a contract which was inserted for [its] benefit."[3]

---

[2] *American Continental Life Insurance Company v. Ranier Construction Co., Inc.,* 125 Ariz. 53, 55, 607 P.2d 372, 374 (1980). *See also, In the Matter of the Noel R. Shahan Irrevocable and Inter Vivos Trust,* 188 Ariz. 74, 78, 932 P.2d 1345, 1349 (App. 1997) ("waiver occurs when a party relinquishes a known right or exhibits conduct that clearly warrants inference of an intentional relinquishment"); *Meineke v. Twin City Fire Insurance Company,* 181 Ariz. 576, 581, 892 P.2d 1365, 1370 (App. 1994) (same).

[3] *ESPN, Inc. v. Office of the Commissioner of Baseball,* 76 F. Supp. 2d 383, 389 (S.D.N.Y. 1999), *quoting Oleg Cassini, Inc. v. Couture Coordinates, Inc.,* 297 F. Supp. 821, 830 (S.D.N.Y. 1969). *See also, General Motors Acceptance Corporation v. Clifton-Fine Central School District,* 85 N.Y.2d 232, 236, 647 N.E.2d 1329 (1995) ("Waiver requires the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable . . . . Waiver may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage").

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

**II. Defendants' Conduct Has Resulted In a Waiver of Their Right to Assert That New York Law Applies to this Case.**

    ***A. Defendants Have Asserted a Claim Based on Arizona Law, and Seek Recovery of Their Attorneys' Fees Under Arizona Law.***

In Count Three of their Amended Answer and Counterclaim ("Counterclaim"), Defendants seek declaratory relief under Arizona Revised Statutes ("A.R.S.") § 12-1832.[4] If New York law applied to this action, then relief should properly have been sought under New York's declaratory judgment statute, New York Civil Practice Law and Rules § 3001.

Moreover, by affirmatively seeking relief under Arizona law, Defendants have engaged in conduct that "warrants an inference" that they have "intentionally relinquished their right to assert that New York law applies."[5] Or, in the words of the New York Court of Appeals, Defendants have "established by affirmative conduct . . .an intent not to claim a purported advantage."[6]

Additionally, in Count One, Count Two, and the prayer for relief of their Counterclaim, Defendants seek recovery of their attorneys' fees pursuant to A.R.S. § 12-341.01.[7] New York law has no corresponding provision that allows for the recovery of attorneys' fees on a contract action, so application of Arizona law is to Defendants' advantage (should they prevail).[8]

Defendants cannot have it both ways. They cannot seek to have this case governed by Arizona law when it means that they will be able to make a claim under Arizona's

///

///

///

---

[4] Counterclaim, p. 10.

[5] *American Continental,* 125 Ariz. at 55, 607 P.2d at 374.

[6] *General Motors Acceptance Corporation,* 85 N.Y.2d at 232.

[7] Counterclaim, p. 9, lines 17-18; p. 10, lines 10-11; and, p. 11, lines 6-7.

[8] *See, Donn v. Sowers*, 103 A.D.2d 734, 735, 477 N.Y.S.2d 197, 198 (2d Dep't 1984), *citing, City of Buffalo v. J.W. Clement Company, Inc.*, 28 N.Y.2d 241, 262-63, 321 N.Y.S.2d 345 (1971).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

declaratory judgment statute and recover their attorneys' fees under contract,[9] but governed by New York law when they want to apply that state's contract-interpretation rules.[10]

**B.** ***Defendants Have Taken Procedural Steps That Would Only Be Necessary If Arizona Law Applied To This Case.***

On March 21, 2005, Defendants filed their original Answer and Counterclaim. In that pleading, they alleged that:

> Third-Party Defendant Jay Grdina is an individual residing in Maricopa County, Arizona and is the husband of Massoli. Mr. Grdina has been named because, upon information and belief, Massoli's acts and omissions were performed for the benefit of the marital community between Massoli and Mr. Grdina.[11]

In his Third-Party Answer, Grdina argued that he was not a proper third-party defendant, and as a result of those denials, Defendants requested that Plaintiffs enter into a Stipulation to allow Defendants to amend their answer and counterclaim to properly denominate Grdina. Plaintiffs agreed, the Stipulation was filed on May 6, 2005, and this Court approved it on May 11, 2005.

With the exception of some references to the Federal Rules of Civil Procedure and a different denomination of his status, the allegation in the Amended Answer and Counterclaim regarding Grdina is identical to the allegation contained in the original:

> Third-Party Defendant Jay Grdina ("Grdina") is an individual residing in Maricopa County, Arizona and is the husband of Massoli. Pursuant to Fed. R. Civ. P. 13(h) and 20, Grdina has been named because, upon information and belief, Massoli's acts and omissions were performed for the benefit of the marital community between Massoli and Mr. Grdina.[12]

---

[9] Counterclaim, p. 9, lines 17-18; p. 10; and, p. 11, lines 6-7.

[10] *See generally,* Rule 12(c) Motion for Judgment on the Pleadings and Memorandum in Support Thereof; Response in Opposition to Plaintiff/Counterdefendants' Rule 56(f) Motion; and Motion for Leave to File Sur-Response [sic] in Opposition to Plaintiff/Counterdefendants' Rule 56(f) Motion.

[11] Original Answer and Counterclaim, p. 5, lines 12-15.

[12] Counterclaim, p. 5, lines 12-16.

That allegation would only be necessary if Arizona law were applicable to this matter. That is because Arizona law requires that in order to recover against a marital community, both spouses must be named as party defendants.[13]

New York is *not* a community property state, and has no statute that requires the naming of both spouses in a complaint. If New York law applied to this case, Defendants would not have had reason or basis to name Grdina as a party at all. That would be the case even if a judgment based upon New York law were taken solely against Massoli, because in Arizona, "the community property is liable for a spouse's debts incurred outside the state during the marriage which would have been community debts if incurred in the state."[14]

Moreover, after Defendants had obtained a stipulation to amend their counterclaim, had it approved by the Court, and filed the amended counterclaim, Defendants then sent Plaintiffs' counsel a letter, to be countersigned, asking counsel to acknowledge that service had been accepted on behalf of Grdina. Defendants then submitted that countersigned letter as a separate filing.[15] None of those procedural gyrations would have been necessary at all if New York law truly applied, because Defendants could have counterclaimed against Massoli, taken a judgment under New York law, and still executed against Massoli's community property – all without ever naming Grdina.[16]

Defendants' conduct clearly shows that they intended for Arizona law to apply squarely to this case. If that were not true, and if New York law were applicable, they would not have had to name Grdina as *any* type of defendant, much less seek permission to amend,

---

[13] A.R.S. § 25-215(D) ("Except as prohibited in § 25-214, either spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property and second, from the separate property of the spouse contracting the debt or obligation").

[14] A.R.S. § 25-215(C). *See also, Gagan v. Sharar,* 376 F.3d 987, 992 (9th Cir. 2004) (federal judgment from a district other than Arizona in which only one spouse is named may nevertheless be executed against the community property of both spouses in Arizona, despite failure to name the other spouse in the action filed outside of Arizona).

[15] *See* Defendants' Proof of Service of Answer and Counterclaim, filed July 20, 2005.

[16] *See* A.R.S. § 25-215(C); *Gagan v. Sharar,* 376 F.3d at 992.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

file an amended counterclaim to change his status, get a countersigned letter acknowledging service of that counterclaim, and file a separate proof of service.

## III. Conclusion.

Defendants' conduct indisputably shows that they have intentionally relinquished whatever right they may have had to assert that New York law applies to this matter.[17]

First, Defendants affirmatively seek relief under Arizona's declaratory judgment statute, when they could have, just as easily, sued under New York's corresponding statute.

Second, Defendants seek to take advantage of Arizona's contract attorneys' fees statute by requesting recovery of those fees under A.R.S. § 12-341.01. This is particularly telling, since New York does not have a similar corresponding statute allowing for the recovery of fees in contract disputes.

Third, Defendants went through a tremendous amount of trouble to name, re-name, serve, and prove that Grdina was properly served as a party, none of which would have been necessary *unless* Arizona law applied to this case.

WHEREFORE, based upon all of the foregoing, Plaintiffs respectfully request that this Court issue an order determining that Arizona law applies to this case.

RESPECTFULLY SUBMITTED this 2nd day of August, 2005.

RENAUD COOK DRURY MESAROS, PA

By: /s/ Roger W. Hall
    James L. Blair
    Roger W. Hall
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, AZ 85004-4417
*Attorneys for Plaintiff/Counterdefendants*

---

[17] *See American Continental,* 125 Ariz. at 55, 607 P.2d at 374; *Noel R. Shahan Irrevocable and Inter Vivos Trust,* 188 Ariz. at 78, 932 P.2d at 1349; *Meineke,* 181 Ariz. at 581, 892 P.2d at 1370; *ESPN v. Commissioner,* 76 F. Supp. 2d at 389; *Oleg Cassini,* 297 F. Supp. at 830; *General Motors Acceptance Corporation,* 85 N.Y.2d at 236.

1 | Electronically filed this 2nd day
  | of August, 2005 with the
2 | United States District Court

3 | COPY of the foregoing hand-delivered
  | this 2nd day of August, 2005, to:
4 |
  | David J. Bodney, Esq.
5 | Dennis K. Blackhurst, Esq.
  | STEPTOE & JOHNSON, LLP
6 | Collier Center
  | 201 East Washington Street, Ste 1600
7 | Phoenix, AZ 85004-2382
  | *Attorneys for Defendants/Counterclaimants*
8 |
  | COPY of the foregoing mailed this
9 | 2nd day of August, 2005, to:

10 | Jeffrey F. Reina, Esq. (Pro Hac Vice)
   | LIPSITZ, GREEN, FAHRINGER
11 | ROLL, SALISBURY & CAMBRIA, LLP
   | 42 Delaware Avenue, Ste 300
12 | Buffalo, NY 14202-3857
   | *Co-counsel for Plaintiff/Counterdefendants*
13 |
14 |
   |  /s/ Deborah Robertson
15 | @PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;304468;1

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853