James L. Blair, #016125
Roger W. Hall, #013727
RENAUD COOK DRURY MESAROS, PA
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, Arizona 85004-4417
(602) 307-9900
jblair@rcdmlaw.com
rhall@rcdmlaw.com
*Attorneys for Plaintiff/Counterdefendants*

Jeffrey F. Reina (Pro Hac Vice)
Lipsitz, Green, Fahringer
Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Ste 300
Buffalo, NY 14202-3857
(716) 849-1333
jreina@lglaw.com
*Attorneys for Plaintiff/Counterdefendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON,<br><br>Plaintiff,<br><br>v.<br><br>"REGAN MEDIA," JUDITH REGAN, as an individual,<br><br>Defendant.<br><br>REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual,<br><br>Defendants/Counterclaimants,<br><br>v.<br><br>JENNA MASSOLI, p/k/a JENNA JAMESON, an individual,<br><br>Plaintiff/Counterdefendant,<br><br>and<br><br>JAY GRDINA, an individual,<br><br>Third-Party Counterdefendant. | CV 05-0854 PHX EHC<br><br>**RESPONSE TO MOTION FOR LEAVE TO FILE SUR-RESPONSE IN OPPOSITION TO PLAINTIFF/ COUNTERDEFENDANTS' RULE 56(f) MOTION**<br><br>(*Assigned to the Honorable Earl H. Carroll*) |

Plaintiff/counterdefendant Jenna Massoli, p/k/a Jenna Jameson and counterdefendant Jay Grdina (collectively, "Plaintiffs"), by and through their counsel undersigned, hereby submit this Response to the Motion for Leave to File Sur-Response in Opposition to Plaintiff/Counterdefendants' Rule 56(f) Motion (the "Motion for Leave"), filed by defendants/counterclaimants Judith Regan and Regan Media, Inc. (collectively, "Defendants").[1] Since Defendants' proposed sur-response is not yet part of the record, this Response will confine itself to the claims made in the Motion for Leave, and not address any arguments contained in the sur-response.

Should the Court grant Defendants' Motion for Leave, Plaintiffs hereby move for permission to file a supplemental response to such a filing, since the rules of practice of the United States District Court for the District of Arizona contemplate that the moving party get the "last word."[2]

This Response is supported by the attached Memorandum of Points and Authorities, as well as the record in this case.

/ / /

/ / /

/ / /

/ / /

---

[1] Although Defendants have styled their proposed filing as a "Sur-Response," it is actually a sur-reply. *See Gossard v. Washington Gas Light Company,* 217 F.R.D. 38, 40, fn. 3 (D.D.C. 2003) (response to a reply is a sur-reply, even if original reply was mis-denominated as a "response"); *Taylor v. Sebelius*, 350 F.Supp.2d 888, 900 (D. Kan. 2004) ("Parties are permitted to file a dispositive motion, a response and a reply. Surreplies are typically not allowed"); *Humphries v. Williams Natural Gas Company,* 1998 WL 982903, *1 (D. Kan. 1998) (plaintiff argued that local rules did not specifically bar a response to reply and therefore his surreply was warranted). That is because "the label attached to a motion does not control its substance." *Prudential Real Estate Affiliates v. PPR Realty, Inc.,* 204 F.3d 867, 880 (9th Cir. 2000); *Singh v. Prudential Insurance Company of America, Inc.,* 200 F.Supp.2d 193, 197 (E.D.N.Y. 2002) (same) *citing Prudential Real Estate*); *Crespo v. New York City Transit Authority,* 2000 WL 398805, *3 (E.D.N.Y. 2002) (same) *citing Prudential Real Estate*). *See also, Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) ("Nomenclature is not controlling. [Citation omitted.] The Court will construe [a filing], however styled, to be the type proper for the relief requested").

[2] *See,* LRCiv. 7.2.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 2)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Massoli's Pleadings and Filings Make Clear That One of Her Companies Executed the A&E Contract.

### A. *Both the Complaint and the Rule 56(f) Motion Assert that Massoli Did Not Sign the A&E Contract as an Individual.*

Defendants claim that Plaintiffs' Reply to Defendants/Counterclaimants' Response in Opposition to Plaintiff/Counterdefendants' Rule 56(f) Motion (the "Reply") filed in support of their Rule 56(f) Motion "contends for the first time that a separate corporate entity, Dolce Amore, Inc. and not Jameson, executed the A&E Contract."[3] That statement is simply false.

In plaintiff Massoli's Complaint for Declaratory Relief (the "Complaint"), she clearly asserts that:

> As a result of plaintiff's activities, and the efforts of her husband Jay Grdina, *plaintiff's company* entered into an agreement with A&E for plaintiff's participation in a reality based television series.[4]

The Complaint further asserts that:

> The execution of the contract between A&E and *Plaintiff's company* was obtained solely and exclusively through the efforts of Plaintiff and her associates, without any contribution, assistance or participation from defendants.[5]

Plaintiffs' Rule 56(f) Motion (which the complained-of Reply supports) contains a similar assertion:

> As a result of the activities of her husband and herself, in November 2004 Massoli's company entered into an agreement with A&E for Massoli's participation in a television series.[6]

---

[3] Motion for Leave, p. 2, lines 5½-8½.

[4] Complaint, paragraph VI (emphasis added).

[5] Complaint, paragraph XV (emphasis added).

[6] Rule 56(f) Motion, p. 3, lines 1-3. (Although the A&E Contract was actually signed in January 2005, not November 2004, the mistake is one of memory, as neither Plaintiffs nor their regular counsel had the A&E Contract in front of them when they advised that it was signed in November. In any event, the date of the A&E Contract is immaterial for purposes of this discussion.)

1    That the A&E Contract was signed by Massoli's company was mentioned twice in the
2 Complaint, and once in the Rule 56(f) Motion. Defendants cannot therefore claim surprise
3 or lack of notice when the A&E Contract, *signed by Massoli's company*, was attached as an
4 exhibit to Plaintiffs' Reply.

5    While it is true that both Massoli and Grdina, in their respective replies to
6 Defendants' Amended Counterclaim (the "Counterclaim"), admit the Counterclaim's
7 allegation which asserts that Massoli entered into a contract with A&E,[7] that is because the
8 original Complaint, as quoted above, had *already asserted*, twice, that Massoli's company,
9 and not Massoli individually, had executed the A&E Contract. Hence, Plaintiffs thought that
10 Defendants' reference solely to Massoli in their Counterclaim was merely an example of the
11 common practice of referring to an entity's head when speaking of the entity itself, e.g.,
12 "Bill Gates will soon be rolling out a new version of Windows" (in reality, *Microsoft*, not Bill
13 Gates personally, will be rolling out the new version), or "Bill Ford hopes his new line of
14 vehicles will capture the interest of American drivers" (Ford Motor Company, not Bill Ford
15 personally, has a new line of vehicles).

16    As those illustrations plainly demonstrate, the name of an individual is often used to
17 refer to the actions of a corporate entity with which the individual is associated, as a kind of
18 shorthand for referring to the entity itself. Therefore, when Defendants' Counterclaim
19 alleged that "Massoli later entered into a contract with A&E," Plaintiffs naturally assumed
20 that Defendants were referring to Massoli's company – particularly since Massoli's company
21 had already been asserted twice, in the Complaint, as having been the signatory on the A&E
22 Contract.
23 / / /
24 / / /
25
26

---

[7] Reply of Plaintiff/Counterdefendant Jenna Massoli p/k/a Jenna Jameson to Amended Counterclaim ("Massoli Reply"), p. 17; Reply of Counterdefendant Jay Grdina to Amended Counterclaim ("Grdina Reply"), p. 17.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 4)                                                                @PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;305695;1

### B. *The Omission of an Apostrophe "s" and the word "Company" Is Not a Sufficient Basis for a Rule 12(c) Motion.*

Defendants' entire Rule 12(c) Motion is apparently predicated on Plaintiffs' failure to place " 's company" alongside the word "Massoli" in paragraph 17 of their respective replies to the Counterclaim.[8] Plaintiffs never suspected, for a moment, that Defendants, far from using common linguistic shorthand in mentioning only Massoli, were actually attempting to lay a trap to serve as the basis for a dispositive motion.

To the extent that Defendants *did* intend to draw a precise semantical distinction between Massoli and Massoli's company, any allegations regarding Massoli individually signing the A&E Contract were denied by both Massoli and Grdina, twice. In the last sentence of paragraph 17 of both replies to the Counterclaim, the following statement is made: "DENIES each other and further allegation set forth in said paragraph."[9] Additionally, both replies contain a General Denial, which states: "Any allegation not specifically admitted to in this Reply is hereby denied."[10] Thus, even if Plaintiffs misconstrued Defendants' meaning in referring only to Massoli, and admitted an allegation that had not been pleaded, the intended allegation was nevertheless twice denied.

Further, federal case law mandates that "in light of the liberal pleading policy embodied in [the Federal Rules]. . . a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case. . ."[11] Massoli clearly alleged, at least twice in her Complaint, that her *company* signed the A&E Contract.[12] Accordingly, under both Ninth Circuit and Second Circuit law, a subsequent failure to

---

[8] *Id.*

[9] *Id.*

[10] Massoli Reply, p. 6, line 18; Grdina Reply, p. 6, line 21.

[11] *Molsbergen v. United States,* 757 F.2d 1016, 1019 (9th Cir. 1985). *See also, Henry v. Daytop Village, Inc.,* 42 F.3d 89, 95 (2nd Cir. 1994)(same) *citing Molsbergen.*

[12] Complaint, paragraphs VI and XV.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

1  include the word "company" when answering an allegation that Massoli signed the A&E
2  Contract is not an admission, and therefore cannot serve as the basis for a Rule 12(c)
3  Motion.

4  Moreover, even if Plaintiffs' statement that Massoli, as opposed to Massoli's
5  company, *were* some type of admission – which it clearly is not – such a minor grammatical
6  oversight could easily be corrected by simply amending the Replies. Of course, under the
7  Federal Rules of Civil Procedure ("F.R.C.P."), and innumerable cases interpreting them,
8  leave to amend is to be "freely given."[13]

9  Defendants' insistence that they be granted judgment on the pleadings based upon a
10  semantical error that is clearly repudiated in Plaintiffs' other court filings, including twice in
11  its Complaint, makes a mockery of more than half a century of federal jurisprudence that
12  requires liberal interpretation of pleadings.[14] Indeed, it is if the Supreme Court were writing
13  about this very case when it held that:

> It is too late in the day and entirely contrary to the spirit of the
> Federal Rules of Civil Procedure for decisions on the merits to
> be avoided on the basis of such mere technicalities. "The
> Federal Rules reject the approach that pleading is a game of skill
> in which one misstep by counsel may be decisive as the outcome
> and accept the principle that the purpose of pleading is to
> facilitate a proper decision of the merits."[15]

18  / / /
19  / / /
20  / / /

---

[13] Rule 15(a), F.R.C.P.; *see, e.g., Kontrick v. Ryan,* 540 U.S. 443, 459 (2004)(answer may be amended to include an affirmative defense because leave to amend shall be "freely given").

[14] *See* Rule 8(f), Federal Rules of Civil Procedure.

[15] *Foman v. Davis,* 371 U.S. 178, 181-82 (1962), *citing Conley v. Gibson,* 355 U.S. 41, 48 (1957); *United States v. Hougham,* 364 U.S. 310, 317 (1960) (same) *citing Conley*. *See also, DeWitt v. Pail,* 366 F.2d 682, 685 (9th Cir. 1966) ("The spirit of the Federal Rules of Civil Procedure requires us to construe the pleadings most strongly in favor of the pleader"); *Zorwitz v. Okin,*, 121 F.Supp. 56, 57 (E.D.N.Y. 1954) ("It is elementary that in motions for judgment on the pleadings the pleading under attack must be read in the light most favorable to the party asserting it").

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

**II. The Term "Any Similar Projects" Does Not Raise a New Argument, and Even If It Did, the Argument Was First Raised By Defendants In Their Response, and Plaintiffs Are Therefore Entitled to Oppose It In Their Reply.**

Defendants claim that Plaintiffs improperly raised a new argument in their Reply. Specifically, Defendants allege that Plaintiffs' assertion that the term "any similar projects" is ambiguous raises a new argument, appearing for the first time in the Reply.[16]

As an initial matter, Plaintiffs' assertion that the term "any similar projects" is ambiguous is in no way a new argument – it is simply another example of Plaintiffs' prior argument that the Agreement is "replete with ambiguities and undefined terms, and therefore in no way supports a motion for judgment on the pleadings."[17]

Moreover, even if Plaintiffs' discussion of "other similar terms" *were* a new argument – which it is not – Defendants themselves first identified that phrase in their Response In Opposition to Plaintiff/Counterdefendant's Rule 56(f) Motion ("Response").[18] Since Defendants first identified the phrase in their Response, Plaintiffs are entitled to address it in their Reply.[19]

However, if this Court determines that Plaintiffs' discussion of "any similar projects" is a new argument, and to avoid burdening this Court with even more filings, Plaintiffs are willing to have the eleven lines in their Reply which constitute that so-called argument be stricken, as there are numerous other examples of the Agreement's ambiguity.

///

---

[16] Motion for Leave, p. 2, lines 9½-11½.

[17] Rule 56(f) Motion, p. 5, lines 14-16.

[18] Response, p. 3, line 17.

[19] *See Bayway Refining Company v. Oxygenated Marketing and Trading,* 215 F.3d 219, 226-27 (2nd Cir. 2000) ("Reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party") *citing Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Incorporated,* 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) *rev'd on other grounds,* 967 F.2d 742 (2nd Cir. 1992). *See also, Peters v. Lincoln Electric Company,* 285 F. 3d 456, 476 (6th Cir. 2002) ("Reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief"); *Kershner v. Norton,* 2003 WL 21960605, *2 (D.D.C. 2003) ("Filing an affidavit with a reply is appropriate when the affidavit addresses matters raised in the opposition"), *citing Litton Industries*.

### III. Conclusion.

The fact the A&E Contract was entered into by one of Massoli's companies and A&E is not something that was first brought up in Plaintiffs' Reply. That assertion was made on at least two occasions in Plaintiffs' initial Complaint, and again in their Rule 56(f) Motion. Nor is Plaintiffs' discussion of "any similar projects" a new argument. It is simply another example supporting the argument already made in Plaintiffs' Rule 56(f) Motion that the Agreement "is replete with ambiguities and undefined terms, and therefore in no way supports a motion for judgment on the pleadings."[20]

WHEREFORE, based upon all of the foregoing, Plaintiffs respectfully request that Defendants' Motion for Leave be denied.

DATED this 9th day of August, 2005.

                RENAUD COOK DRURY MESAROS, PA

By:   /s/ Roger W. Hall
      James L. Blair
      Roger W. Hall
      Phelps Dodge Tower
      One North Central, Suite 900
      Phoenix, AZ 85004-4417
      *Attorneys for Plaintiff/Counterdefendants*

Filed electronically this 9th day of August, 2005.

COPY of the foregoing hand-delivered the
10th day of August, 2005 to Judge Earl H. Carroll.

COPY of the foregoing hand-delivered
this 9th day of August, 2005, to:

David J. Bodney, Esq.
Dennis K. Blackhurst, Esq.
STEPTOE & JOHNSON, LLP
Collier Center
201 East Washington Street, Ste 1600
Phoenix, AZ 85004-2382
*Attorneys for Defendants/Counterclaimants*

---

[20] Rule 56(f) Motion, p. 5, lines 14-16.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

1    COPY of the foregoing mailed this 9th day
of August, 2005, to:
2

3    Jeffrey F. Reina, Esq. (Pro Hac Vice)
L<small>IPSITZ</small>, G<small>REEN</small>, F<small>AHRINGER</small>
R<small>OLL</small>, S<small>ALISBURY</small> & C<small>AMBRIA</small>, LLP
4    42 Delaware Avenue, Ste 300
Buffalo, NY 14202-3857
5    *Co-counsel for Plaintiff/Counterdefendants*

6

7        /s/ Deborah Robertson_____
@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;305695;1

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853