STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

David J. Bodney (006065)
Dennis K. Blackhurst (021678)
Attorneys for Defendants/Counterclaimants
Regan Media, Inc. and Judith Regan

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON, | No. CV 05-0854 PHX EHC |
| Plaintiff, | |
| vs. | **RESPONSE IN OPPOSITION TO PLAINTIFF/ COUNTERDEFENDANTS' MOTION FOR DETERMINATION THAT ARIZONA LAW APPLIES TO THIS MATTER** |
| "REGAN MEDIA," and JUDITH REGAN, an individual, | |
| Defendants. | |
| | [Oral Argument Requested] |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual, | (Assigned to the Honorable Earl H. Carroll) |
| Defendants/Counterclaimants, | |
| vs. | |
| JENNA MASSOLI p/k/a JENNA JAMESON, an individual, | |
| Plaintiff/Counterdefendant, | |
| and | |
| JAY GRDINA, an individual, | |
| Third-Party Counterdefendant. | |

## Preliminary Statement

By filing their latest motion, Plaintiff/Counterdefendant Jenna Massoli p/k/a Jenna Jameson and Third-Party Counterdefendant Jay Grdina (collectively, "Jameson") continue their attempts to delay the disposition of Defendants' Rule 12(c) Motion for Judgment on the Pleadings. Defendants/Counterclaimants Regan Media, Inc. ("Regan Media") and Judith Regan ("Regan") (collectively, "Defendants") raised the issue of applicable law in their June 3, 2005 Rule 12(c) Motion, but instead of addressing the choice of law issue in a responsive brief, or even in her Rule 56(f) Motion, Jameson waited two months to file her improper motion. Jameson's "Motion for Determination that Arizona Law Applies to this Matter" (the "Motion") should be denied for the simple reason that Jameson failed to argue the applicable law issue when Defendants initially raised it.

Moreover, Jameson's argument that the Agreement between the parties should be construed under Arizona law should be rejected because, once again, she tries to disregard the explicit terms of the parties' Agreement. Completely ignoring the parties' clear and unequivocal election that New York law governs the interpretation of their Agreement, Jameson argues that Arizona's law of contract interpretation should govern without even mentioning Arizona's choice of law rules. Instead, Jameson argues that Regan and Regan Media somehow "waived" the applicable choice of law provision. Yet Defendants have consistently taken the position that New York law controls the construction of the Agreement. Defendants have neither "waived" the application of New York law nor taken inconsistent positions in this litigation relating to the applicable law. Jameson's decision

to assert this argument now represents her latest effort to expand these proceedings and needlessly forestall the Court's resolution of Defendants' Rule 12(c) Motion.

## Argument

### I. Jameson Failed to Address the Choice of Law Issue When It Was Initially Raised, and Her Motion Should Be Denied as Untimely.

By failing to argue the issue of the applicable contract interpretation rules before now, Jameson effectively conceded that New York law controls the construction of the Agreement. On June 3, 2005, in the first substantive brief filed after the pleadings were closed, Defendants cited New York cases and expressly raised the applicability of New York law to the interpretation of the parties' Agreement. [*See* Memorandum in Support of Rule 12(c) Motion for Judgment on the Pleadings at 7, note 1 and at pp. 6-9.] Instead of addressing the issue in a responsive brief, or even in her improper Rule 56(f) Motion, Jameson waited two months to argue the applicable law issue in her August 2, 2005 Motion. Local Rule 7.2(i) provides that "if the opposing party does not serve and file the required answering memoranda" in response to a motion, the Court may deem the failure to respond properly as "a consent to the . . . granting of the motion." Jameson's failure to respond to Defendants' argument that New York law governs the interpretation of the Agreement should be deemed a consent or concession regarding the applicable law.

### II. Arizona's Choice of Law Rules Mandate the Interpretation of the Agreement Under New York Law, as the Parties Agreed.

Jameson would like to litigate this case as if the Agreement did not exist. On the underlying merits, Jameson argues that she should not be governed by the clear and

3

unambiguous terms of the Agreement. Now, to avoid the obvious implications of New York's parol evidence rule, Jameson argues that the Court should ignore the parties' choice of law provision as well. However, there can be no doubt that under Arizona's choice of law rules and the express terms of the Agreement, New York law governs the construction of the Agreement. The April 1, 2004 Agreement executed by Jameson and Regan Media specifically provides that the "Agreement shall be construed, interpreted and governed by the laws of the State of New York without regard to any conflict of law principles."[1] [Agreement ¶ 8.] This choice of law provision is clearly enforceable under Arizona law. *See W. United Nurseries, Inc. v. Adams*, no. MC 96-0081-PHX-SMM, 2000 WL 34446155 at *7 (D. Ariz. July 3, 2000) (vacated in part on other grounds) ("Arizona courts have applied section 187 of the Restatement to enforce contractual choice-of-law provisions without hesitation").

A federal court sitting in diversity applies the substantive law of the forum state, including the forum state's choice of law rules. *Larry's Apartment, LLC v. Carmel*, 249 F.3d 832, 837 (9th Cir. 2001); *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). Accordingly, Arizona's choice of law rules are applied to determine whether the parties' choice of New York law to govern the interpretation of the Agreement is enforceable. *Magellan Real Estate Inv. Trust v. Losch*, 109 F. Supp. 2d 1144, 1155 (D. Ariz. 2000). "Arizona courts follow the Restatement (Second) of Conflict of Laws as a guide in choice

---

[1] Arizona courts apply the choice of law rules regardless of a contractual instruction to disregard "any conflict of law principles." *See Swanson v. Image Bank, Inc.*, 206 Ariz. 264, 266, 77 P.3d 439, 441 (2003). However, the language used here underscores the parties' intent that the Agreement be interpreted under New York law.

4

of law questions." *Patton*, 276 F.3d at 495; *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 207, 841 P.2d 198, 202 (1992).

The relevant section of the Restatement (Second) of Conflicts of Laws is Section 187, which discusses the application of contractual choice of law provisions:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

Restatement (Second) of Conflict of Laws § 187 (1971).[2] According to the Restatement, the parties' chosen law will be applied as long as the particular issue – here, the application of the parol evidence rule and the interpretation of the Agreement in general – is one which the parties could have resolved by an explicit provision in the Agreement. Section 187 "places few limitations" on the parties' right to choose the applicable law; accordingly, courts applying Arizona law routinely enforce contractual choice of law provisions. *See Swanson*, 206 Ariz. at 267-268 (applying Restatement § 187 and enforcing parties' choice of law provision); *Cardon*, 173 Ariz. at 207 (same); *see also Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F. 2d 401, 405 (9th Cir. 1992); *Western United*, 2000 WL 34446155 at *6-7; *Magellan*, 109 F. Supp. 2d at 1155.

It is clear that the interpretation of the Agreement and the application of the parol evidence rule are issues which the parties could have resolved by an explicit provision.

---

[2] *See also* Restatement (Second) of Conflict of Laws § 140 ("Whether a contract is integrated in a writing and, if so, the effects of integration are determined by the local law of the state selected by application of the rules of §§ 187-188").

5

The comments to Restatement § 187 emphasize that the parties may specify the applicable law particularly relating to issues of construction and interpretation of the contract:

> The parties, generally speaking, have power to determine the terms of their contractual engagements. They may spell out these terms in the contract. In the alternative, they may incorporate into the contract by reference extrinsic material which may, among other things, be the provisions of some foreign law. In such instances, the forum will apply the applicable provisions of the law of the designated state in order to effectuate the intentions of the parties. So much has never been doubted. The point deserves emphasis nonetheless because most rules of contract law are designed to fill gaps in a contract which the parties could themselves have filled with express provisions. *This is generally true, for example, of rules relating to construction . . . As to all such matters, the forum will apply the provisions of the chosen law.*

Restatement (Second) of Conflict of Laws § 187 cmt. C (emphasis added). Because the issue here is one of contractual interpretation and construction, the parties could clearly have entered into an explicit agreement regarding the application of the parol evidence rule or the consideration of extrinsic evidence. Accordingly, under Arizona's choice of law rules and the Restatement, the parties' choice of law provision is enforceable and New York law governs the interpretation of the Agreement.

### III. Defendants Did Not "Waive" the Application of New York Law.

Unable to argue on the merits that the parties' choice of New York law in the Agreement is unenforceable, Jameson instead tries a technical argument that Defendants somehow "waived whatever right they may have had to assert that New York law applies." [Motion at 2.] Jameson's argument is based on three references to Arizona law in Defendants' papers: (1) Defendants requested relief under Arizona's Declaratory Judgments Act; (2) Defendants requested an award of their attorneys' fees under A.R.S.

6

§12-341.01; and (3) Defendants joined Jameson's husband as a party in an effort to reach Jameson's community property. [*See* Motion at 3-4.] Contrary to Jameson's contentions, none of these references amounts to a waiver of the parties' election of New York law.

As Jameson contends, waiver is defined as the "expressed, voluntary or intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." [Motion at 2.] In this case, Defendants asserted the applicability of New York law *in their first substantive paper* after the pleadings closed. [*See* June 3, 2005 Memorandum in Support of Rule 12(c) Motion for Judgment on the Pleadings at 6-9.] If anyone waived an argument, it was Jameson, who should have argued the applicable law in response to Defendants' Rule 12(c) Motion, and not in a motion filed two months after Defendants raised the issue. Although the reference to Arizona law in Defendants' pleadings is not inconsistent with the assertion of New York law (discussed below), the mere reference to Arizona law in Defendants' pleadings does not amount to waiver as a matter of law.

The Ninth Circuit has addressed and rejected the exact waiver argument pressed by Jameson in *General Signal Corp. v. MCI Corp.*, 66 F.3d 1500 (9th Cir. 1995). In *General Signal*, the parties' contract specified that New York law governed, but the plaintiff argued that MCI was barred from arguing that New York law applied "because it had previously filed papers invoking California law." *Id.*, 66 F.3d at 1505. In fact, MCI failed to assert New York law until 21 months into the case and three months before the trial. *Id.* The Ninth Circuit noted that "[a]lthough MCI cited California law in earlier papers, it never

7

specifically asserted as a legal argument that California law was applicable." *Id.* The court concluded that MCI neither waived nor was estopped from asserting the application of New York law, in part because the court never ruled on the issue of applicable law before MCI asserted New York law. *Id.* Accordingly, reference in pleadings to the law of another state does not constitute waiver of the right to assert the proper applicable law. This is especially so in this case, where Defendants asserted New York law at the earliest opportunity, in the first substantive paper filed after the close of the pleadings.

The cases cited by Jameson do not suggest otherwise. None of the cases cited by Jameson deals with the waiver of applicable law or choice of law issues at all. Worse, in Jameson's Motion, she misquotes *American Continental Life Ins. Co. v. Ranier Construction Co., Inc.*, 125 Ariz. 53, 607 P.2d 372 (1980) for the proposition that Defendants "intentionally relinquished their right to assert that New York law applies." [*See* Motion at 3.] Contrary to Jameson's citation of the case in her Motion, the *American Continental* decision does not mention "New York law" or choice of law issues at all.

### IV. There is Nothing Inappropriate or Inconsistent About Defendants' Assertion of Arizona Law on Substantive Issues.

Jameson cites to the three references to Arizona law in Defendants' papers in an effort to argue that Defendants have taken inconsistent positions[3] on the issue of applicable law. However, Defendants have properly identified the applicable law relating

---

[3] Even if there were some inconsistency in Defendants' positions, the Federal Rules allow parties to assert any claims or defenses they may have "regardless of consistency." Fed. R. Civ. P. 8(e)(2). Therefore, under the Rules, the assertion of inconsistent positions in Defendants' pleadings is no basis for finding a waiver of the applicable law, as Jameson contends.

8

to each of their claims, and none of the references to Arizona law has any bearing on the application of the Agreement's choice of law provision.

As a starting point, the federal court sitting in diversity applies the substantive law of the forum state, in this case, Arizona. *See Larry's Apartment*, 249 F.3d at 837 ("federal courts sitting in diversity apply state substantive law"). Therefore, it was entirely appropriate for Defendants to seek relief under Arizona's Declaratory Judgments Act, which on its face allows a party interested in a contract to "have determined any question of construction," precisely the relief sought by Defendants here. *See* A.R.S. § 12-1832. Similarly, it was proper for Defendants to join Jameson's husband as a party in light of Arizona's substantive community property laws. *See* A.R.S. § 25-215(D) (". . . either spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly . . .").

The same holds true for Defendants' request for attorneys' fees under A.R.S. § 12-341.01. Arizona courts have found the rights created under A.R.S. § 12-341.01 to be substantive, so it was entirely appropriate for Defendants to seek an award of fees under Arizona substantive law. *See Bouldin v. Turek*, 125 Ariz. 77, 78, 607 P.2d 954, 955 (1979) (holding that the rule created in A.R.S. § 12-341.01 is substantive, not procedural); *Sallomi v. Phoenix Newspapers, Inc.*, 160 Ariz. 144, 148, 771 P.2d 469, 473 (Ariz. App. 1989) (recognizing that A.R.S. § 12-341.01 is substantive). The Ninth Circuit has explicitly held that petitions for attorneys' fees are governed by the substantive state law of the forum. *See Larry's Apartment*, 249 F.3d at 838 ("When it comes to attorneys' fees,

9

we have declared that a federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case") (internal citations omitted); *MRO Communications, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999) ("In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees").

Defendants' position that New York law governs the construction of the Agreement here is completely consistent with the assertion of Arizona law on other issues for the simple reason that an Arizona state court would apply New York law to interpret the Agreement in these circumstances. As discussed above, the federal court in diversity applies substantive state (Arizona) law, including the state's choice of law rules. As a result, the federal court interpreting the Agreement would enforce the choice of law provision agreed to by the parties as required under Arizona law, and would therefore construe the Agreement with reference to New York's law of contract interpretation. Because an Arizona state court would enforce the parties' explicit choice of New York law to interpret the Agreement, the construction of the Agreement here under New York law *is the proper application of Arizona substantive law*. Defendants have not taken inconsistent positions regarding the choice of law issue, and certainly have not waived the parties' unequivocal election of New York law to govern the interpretation of the Agreement.

## Conclusion

For the foregoing reasons, Defendants/Counterclaimants request that Plaintiff/Counterdefendants' "Motion for Determination that Arizona Law Applies in this

Matter" be denied, and that the Court enter judgment as requested in Defendants/Counterclaimants' Rule 12(c) Motion for Judgment on the Pleadings.

Respectfully submitted this 10th day of August, 2005.

STEPTOE & JOHNSON LLP

By s/David J. Bodney
David J. Bodney
Dennis K. Blackhurst
Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382

Attorneys for Defendants/
Counterclaimants Regan Media, Inc. and
Judith Regan

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2005, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electric Filing to the following CM/ECF Registrants:

James L. Blair
Roger William Hall
Renaud Cook Drury Mesaros, PA
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, AZ 85004-4417

*Attorneys for Plaintiff/Counterdefendant and Third-Party Counterdefendant*

I hereby certify that on 10th day of August, 2005, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

Bernard M. Brodsky
Jeffrey F. Reina
Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202-3857

*Attorneys for Plaintiff/Counterdefendant and Third-Party Counterdefendant*

s/Kelly Volkman
Kelly Volkman

477554