James L. Blair, #016125
Roger W. Hall, #013727
RENAUD COOK DRURY MESAROS, PA
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, Arizona 85004-4417
(602) 307-9900
jblair@rcdmlaw.com
rhall@rcdmlaw.com
*Attorneys for Plaintiff/Counterdefendants*

Jeffrey F. Reina (Pro Hac Vice)
Lipsitz, Green, Fahringer
Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Ste 300
Buffalo, NY 14202-3857
(716) 849-1333
jreina@lglaw.com
*Attorneys for Plaintiff/Counterdefendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON,<br><br>Plaintiff,<br><br>v.<br><br>"REGAN MEDIA," JUDITH REGAN, as an individual,<br><br>Defendant. | CV 05-0854 PHX EHC<br><br>**REPLY TO RESPONSE IN OPPOSITION TO PLAINTIFF/ COUNTERDEFENDANTS' MOTION FOR DETERMINATION THAT ARIZONA LAW APPLIES TO THIS MATTER**<br><br>(*Assigned to the Honorable Earl H. Carroll*) |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual,<br><br>Defendants/Counterclaimants,<br><br>v.<br><br>JENNA MASSOLI, p/k/a JENNA JAMESON, an individual,<br><br>Plaintiff/Counterdefendant,<br><br>and<br><br>JAY GRDINA, an individual,<br><br>Third-Party Counterdefendant. | |

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 1)

Case 2:05-cv-00854-EHC    Document 42    Filed 08/22/2005    Page 1 of 11

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;307333;1

Dockets.Justia.com

Plaintiff/counterdefendant Jenna Massoli, pka Jenna Jameson and counterdefendant Jay Grdina (collectively, "Plaintiffs"), by and through their counsel undersigned, hereby submit this Reply to the Response in Opposition to Plaintiff/Counterdefendants' Motion for Determination that Arizona Law Applies to this Matter (the "Response") filed by defendants/counterclaimants Judith Regan and Regan Media, Inc. (collectively, "Defendants").

**I.     Preliminary Statement.**

Defendants' Response deliberately misstates facts, virtually ignores the arguments Plaintiffs made in their Motion for Determination that Arizona Law Applies to this Matter ("Motion for Determination" or "Motion"), mischaracterizes Plaintiffs' prior filings, and uses doublespeak and obfuscation, all in a misguided attempt to convince this Court that they have not, in fact, waived their right to assert that New York law applies to this matter.

**II.    Plaintiffs' Motion Is Not Tardy.**

In their Response, Defendants claim that Plaintiffs did not address the choice of law issue in their Rule 56(f) Motion, which was Plaintiffs' first filing after the pleadings closed.[1] Such a disingenuous statement is belied by Plaintiffs' Rule 56(f) Motion itself, which not only addresses the choice of law issue, but also states that Plaintiffs disagree with Defendants' assumption that New York law applies, and puts both the Court and Defendants on notice that a motion to that effect would be forthcoming. Specifically, Plaintiffs' Rule 56(f) Motion states that:

> Defendants apparently believe that New York law applies to this case. [Citation omitted.] Plaintiffs, Arizona residents, respectfully disagree, and will soon be filing a separate motion asking this Court to rule that Arizona law applies to this case.[2]

///

///

---

[1] Response, p. 2, lines 8½-9½ and p. 3, lines 13-14.

[2] Rule 56(f) Motion, p. 5, fn. 3.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 2)

Case 2:05-cv-00854-EHC    Document 42    Filed 08/22/2005    Page 2 of 11

The Rule 56(f) Motion then goes on to explain that the separate motion, and a determination that Arizona law applies, is not an urgent matter, because

> [T]he Second Circuit's and the Ninth Circuit's holdings on the issues herein are substantially the same, and Plaintiffs cite to law from both jurisdictions herein, so that there can be no question that Plaintiffs' authority is binding.[3]

In Plaintiffs' subsequent filings, they continued to cite both to Ninth Circuit/Arizona case law and to Second Circuit/New York case law to support all of their arguments, in order to keep the choice of law dispute at issue, and so there could be no dispute as to whether their cited authority was binding.[4]

Additionally, far from being filed "two months" after their Rule 56(f) Motion, as Defendants claim,[5] Plaintiffs' Motion for Determination was filed just 45 days later. Plaintiffs could have filed their Motion even earlier had they, like Defendants, not bothered to prepare and serve their mandatory Rule 26(a)(1) Initial Disclosures, which Defendants still have yet to provide, despite stipulating that those disclosures would be made by July 20, 2005.[6]

### III. Plaintiffs' Motions Have Not Been "Improper."

Defendants also claim that both Plaintiffs' Motion for Determination and their Rule 56(f) Motion were "improper."[7] That is a blatant mischaracterization of Plaintiffs' filings. The Motion for Determination is a completely appropriate filing because, as Plaintiffs' pointed out in their Rule 56(f) Motion, the parties disagree as to whether Arizona law or New

---

[3] *Id.*

[4] *See generally,* Reply to Defendants/Counterclaimants' Response in Opposition to Plaintiff/Counterdefendants' Rule 56(f) Motion; Motion for Determination; and Response to Motion for Leave to File Sur-Response in Opposition to Plaintiff/Counterdefendants' Rule 56(f) Motion.

[5] Response, p. 2, line 9½; p. 3 line 15½; and p. 7, line 15½ .

[6] Joint Scheduling Report, p. 8, lines 22½-23½.

[7] Response, p. 2, line 11, and p. 3, line 14.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

York law should apply to this case.[8] By filing the Motion for Determination, Plaintiffs thereby forced Defendants to respond, and afforded this Court a full opportunity to review briefs on the issue and also to hear oral argument.

Moreover, as stated above, Plaintiffs put both the Court and Defendants on notice that such a motion would be forthcoming.[9] If any party has been dilatory in addressing the choice of law issues, it is Defendants, through their use of a meritless and breathless objection that Plaintiffs' Motion is improper. Had Defendants truly believed that such a motion was "improper," they should have objected as soon as they were placed on notice, in Plaintiffs' Rule 56(f) Motion, that a motion for determination of applicable law would be forthcoming, or, at a minimum, when Plaintiffs continued to cite Ninth Circuit and Arizona case law in their subsequent filings. Instead, Defendants voluntarily chose to remain silent.

Regarding the Rule 56(f) Motion, that motion was entirely appropriate as well. The crux of Defendants' Rule 12(c) Motion is their reliance on the execution of a document that was specifically referred to in the pleadings, i.e., the A&E Contract – which was executed not by Jenna Massoli, but by a separate corporate entity, Dolce Amore, Inc. ("Dolce Amore"). Under the circumstances set forth in the pleadings, Defendants' Rule 12(c) Motion *must* be treated as one for summary judgment in order to allow the parties to introduce evidence regarding the nature of the Agreement, the nature of Massoli's relationship with Dolce Amore, or to assert that more discovery is needed to explore the issues raised by the fact that Massoli is not a signatory to the A&E Contract.

Otherwise, by the express terms of the A&E Contract, that document was *not* executed by Massoli, and therefore *not* a violation of the Agreement, thus requiring denial of Defendants' Rule 12(c) Motion. The vehicle by which this important issue was brought to

---

[8] Rule 56(f) Motion, p. 5, fn. 3.

[9] *Id.*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

Case 2:05-cv-00854-EHC    Document 42    Filed 08/22/2005    Page 4 of 11

@PFDesktop\;:ODMA/MHODMA/IMANAGE;RCD_PHX;307333;1

the Court's attention was Plaintiffs' Rule 56(f) Motion. Accordingly, there is no merit to Defendants' contention that the filing of that motion was "improper."

**IV.   Defendants Failed to Recognize the Import of Plaintiffs' Motion.**

Defendants spend a great deal of time in their Response arguing that the Agreement contains a choice of law clause which states the New York law applies to any dispute regarding the Agreement. Plaintiffs agree that would be the case *had Defendants, by their own conduct, not waived that choice of law provision*. Indeed, as Plaintiffs clearly state in their Motion for Determination, citing New York case law:

> Under the doctrine of waiver, "a party may, by words or conduct, waive a provision in a contract where you eliminate a condition in a contract which was inserted for [its] benefit."[10]

In other words, even though the choice of law clause "was inserted for [Defendants'] benefit,"[11] by their own words and conduct, they eliminated that condition in the Agreement. Thus Section II of Defendants' Response was unnecessary, because there is no dispute that but for their waiver, New York law would govern.

**V.   Defendants' Single Case Citation Notwithstanding, They *Did* Waive Their Right to Assert that New York Law Applies to this Matter.**

Defendants cite the Ninth Circuit case of *General Signal Corporation v. MCI Telecommunications Corporation*,[12] to support their argument that they did not waive their right to assert that New York law applies to this matter. The holding of *General Signal*, however, is easily distinguishable from the instant matter.

---

[10] *ESPN, Inc. v. Office of the Commissioner of Baseball,* 76 F.Supp. 2d 383, 389 (S.D.N.Y. 1999), quoting *Oleg Cassini, Inc. v. Couture Coordinates, Inc.,* 297 F.Supp. 821, 830 (S.D.N.Y. 1969). *See also, General Motors Acceptance Corporation v. Clifton-Fine Central School District,* 85 N.Y.2d 232, 236, 647 N.E.2d 1329 (1995) ("Waiver requires the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable . . . . Waiver may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage").

[11] *ESPN,* 76 F.Supp. at 389; *Oleg Cassini,* 297 F.Supp. at 830.

[12] 66 F.3d 1500 (9th Cir. 1995).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

Case 2:05-cv-00854-EHC   Document 42   Filed 08/22/2005   Page 5 of 11

1    Defendants obfuscate the holding in *General Signal* by quoting General Signal's own
2  claim that MCI "had previously filed papers invoking California law," as opposed to
3  New York law.[13] From that quotation, Defendants attempt to analogize *General Signal's*
4  facts to those of this case. Such a characterization of the facts in *General Signal* is
5  disingenuous, however, as even Defendants admit that the quoted language is not the Ninth
6  Circuit's holding, but merely General Signal's own spin on the facts. What actually
7  happened, and which Defendants later acknowledge, is that MCI apparently had the temerity
8  to cite California law in some of its filings, and General Signal argued that this resulted in a
9  waiver of MCI's right to assert that New York law applied to the case. The Ninth Circuit
10 disagreed, and held that such conduct did not constitute a waiver.[14] Clearly on such facts a
11 holding that MCI had waived its right to apply New York law was unwarranted.

12   Here, however, Defendants have done much more than simply cite to some Ninth
13 Circuit or Arizona case law, they have based their actual theories of recovery on Arizona
14 law, named an additional party to comply with Arizona law, amended their Counterclaim to
15 make sure that the additional party was properly joined as required by Arizona law,
16 presented Plaintiffs' counsel with an acknowledgment of service letter stating that the
17 additional party was properly served as required by Arizona law, and then filed a proof of
18 service document informing the Court that the additional party was properly served and
19 joined as required by Arizona law. Those are far more substantive steps than simply citing to
20 Arizona case law in their briefs.

21   Moreover, in the *General Signal* case, General Signal based its argument on the
22 doctrine of judicial estoppel. Since the district court in the *General Signal* case had never
23 ruled that California law applied, there was nothing to be judicially estopped, and so General
24 Signal's argument failed. In the case at bar, Plaintiffs are not relying on anything this Court

---

[13] Response, p. 7, lines 22½-23½.

[14] *General Signal*, 66 F.3d at 1505.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

has done, but on Defendants' own conduct, which clearly shows an intent to seek the benefits of Arizona law.

## VI. Plaintiffs' Punctuation Error.

In the same section of their Response where they discuss *General Signal,* Defendants correctly point out that Plaintiffs' misquoted the case of *American Continental Life Insurance Company v. Ranier Construction Co, Inc.*[15] in their Motion.[16] That misquote was not deliberate, and Plaintiffs sincerely apologize for its inclusion. Plaintiffs truly hope that the Court was not misled by that misquotation, or thought that Plaintiffs were attempting to somehow trick this tribunal. Plaintiffs have included this statement in the body of their Reply, rather than hiding it in a footnote, to show the Court the sincerity of their apology.

The close quotation marks in the sentence in question *should have been* inserted after the word "relinquished," and not at the end of the sentence. All text in that sentence following the word "relinquished" were the words of counsel, not the Arizona Supreme Court.

## VII. Contract Interpretation *Is* a Matter of Substantive Law.

Defendants' final argument is that Arizona law, as the law of the forum state, applies to allow them to sue under Arizona's Declaratory Judgment Act, to allow them to seek recovery under Arizona's attorneys' fees statute, and to force them to name Jay Grdina as a party in order to recover against plaintiff Massoli's community property. Defendants claim that this is because Arizona's Declaratory Judgment Act, its attorneys' fees statute, and its community property laws are all part of Arizona's *substantive law*, and as the law of the forum state, must be applied by a federal court sitting in diversity.[17]

---

[15] 125 Ariz. 53, 607 P.2d 372 (1980).

[16] Response, p. 8, lines 11-17½, referring to p. 3, lines 9-10 of Plaintiffs' Motion.

[17] Response, Section IV.

Defendants further assert, however, that the law of contract interpretation is *not* part of Arizona's substantive law, and that in spite of all of the other Arizona law provisions being applicable, this particular part of Arizona law is not, because it is not substantive.[18] Defendants conveniently fail to cite any authority in support of that novel position.[19] George Orwell would be proud, because Defendants' position, although seemingly well-reasoned and polite, is a masterful example of doublespeak and blackwhite, worthy of Big Brother himself.[20] What Defendants are essentially contending is that they should be able to have their cake and eat it too.

Defendants cannot have it both ways. If, as Defendants contend, New York law is to be applied to all disputes arising out of or from the Agreement, then the law of the case is the substantive law of New York as to all of Defendants' theories of recovery, defenses, claims for attorneys' fees, and the need to join additional parties. However, if the Court agrees that New York law applies, then any of Defendants' theories of recovery, defenses, or claims for attorneys' fees that are based upon Arizona law should be immediately dismissed, *sua sponte*.

If however, as Defendants *also* contend, the substantive law of Arizona is to apply (albeit, according to Defendants, on every issue but contract interpretation), then this Court should hold that Defendants have waived any right to assert that New York law applies to the issue of contract interpretation. Defendants should not be permitted to parse their claims and defenses in order to pick and choose the law of either New York or Arizona depending on which is most favorable to them in a given instance.

---

[18] *Id.*

[19] Response, p. 10, lines 7½-22 ½.

[20] *1984,* George Orwell.

Regardless of what Defendants would try to have this Court to believe, the fact remains that a state's law on contract interpretation *is* part of its substantive law, and as a result, by Defendants' own argument, Arizona's law on contract interpretation is applicable to this case. The Ninth Circuit[21] addressed this issue almost more than two decades ago:

> This is a diversity case. Therefore, state law controls on all *substantive issues, including the contractual interpretation issues.*[22]

Our Circuit Court reiterated that position more recently:

> These issues, i.e., the existence of [plaintiffs' counsel's] authority to settle the suit, and the enforceability of the purported settlement agreement as a matter of law, turn on *interpretation of Guam's substantive law* of agency, professional responsibility, evidence, and *contracts.*[23]

Even the Supreme Court has held that absent federal preemption, a state's substantive law applies, which includes its law of contract interpretation:

> The complaint sought judgment for damages resulting from the alleged unlawful discharge of respondent in violation of a contract of employment made in Missouri, to be performed in Missouri, and agreed to by the parties to be a "Missouri contract." Accordingly, if the Railway Labor Act were not involved, there would be no question but that the *substantive law* of Missouri should determine the requirements of the cause of action, *the interpretation of the contract* and the measure of damages to be applied.[24]

---

[21] Defendants seem to agree with Plaintiffs that in determining which state's law should apply, Arizona and Ninth Circuit law should govern. *See* Response, Section II.

[22] *Connick v. Teachers Insurance and Annuity Association of America,* 784 F.2d 1018, 1020, fn. 1 (9th Cir. 1986)(emphasis added).

[23] *Cristobal v. Siegel,* 26 F.3d 1488, 1496 (9th Cir. 1994)(emphasis added).

[24] *Transcontinental & Western Air v. Koppal*, 345 U.S. 653, 656 (1953). *See also, Continental Casualty Co. v. Schaefer Goerig,* 173 F.2d 5, 7-8 (9th Cir. 1949)("While federal jurisdiction is conferred by the Miller Act and not by diversity of citizenship, we feel that the reasons underlying the doctrine of Erie Ry. Co. v. Tompkins [citation omitted] are applicable here, where the issue does not involve construction [or] application of federal statute . . . . Since all the relevant facts regarding this subcontract have occurred in Washington, the *Washington substantive law of contracts* is applicable"(emphasis added).

Defendants claim that only Arizona's *substantive law,* as the law of forum state, applies to this case.[25] As demonstrated above, Arizona's substantive law *includes* its law of contract interpretation, and since Defendants advocate for Arizona law to apply to the substantive issues in this matter, such application must necessarily include Arizona's law of contract interpretation.

**VIII. Defendants Can Take Inconsistent Positions in Their Pleadings, but Plaintiffs Cannot?**

In yet another example of Defendants wanting to have their cake and eat it too, as well as a sign of Defendants' desperate position in light of the executed A&E Contract, footnote three of Defendants' Response states that "[e]ven if there were some inconsistency in Defendants' positions, the Federal Rules allow parties to assert any claims or defenses they may have 'regardless of consistency.'"[26] That assertion is supremely ironic, since Defendants' entire Sur-Response is predicated upon the supposition that Plaintiffs should not be allowed to advance the purportedly inconsistent position that Dolce Amore signed the A&E Contract, when Plaintiffs had supposedly alleged in earlier pleadings that Massoli signed the A&E Contract in her individual capacity.

Apparently, Defendants can use Rule 8(c)(2) to assert inconsistent positions but Plaintiffs cannot.

**IX. Conclusion.**

Plaintiffs have unquestionably demonstrated that Defendants, by their own conduct, have waived their right to assert that New York law applies to this case. Plaintiffs have also amply shown that Defendants' claim that only Arizona's *substantive* law should be applied to this case, and that the law of contract interpretation is not substantive law, not only lacks merit, but actually *favors* application of Arizona's contract interpretation principles.

---

[25] Response, Section IV.

[26] Response, footnote 3, *citing* Rule 8(e)(2), Federal Rules of Civil Procedure.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

Accordingly, Plaintiffs respectfully request that this Court grant their motion, and hold that Arizona law applies to this case.

RESPECTFULLY SUBMITTED this 22nd day of August, 2005.

RENAUD COOK DRURY MESAROS, PA

By: /s/ Roger W. Hall
James L. Blair
Roger W. Hall
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, AZ 85004-4417
*Attorneys for Plaintiff/Counterdefendants*

Filed electronically this 22nd day of August, 2005.

COPY of the foregoing
hand-delivered on the
23rd day of August, 2005 to
Judge Earl H. Carroll.

COPY of the foregoing mailed
on the 23rd day of August, 2005, to:

David J. Bodney, Esq.
Dennis K. Blackhurst, Esq.
STEPTOE & JOHNSON, LLP
Collier Center
201 East Washington Street, Ste 1600
Phoenix, AZ 85004-2382
*Attorneys for Defendants/Counterclaimants*

Jeffrey F. Reina, Esq. (Pro Hac Vice)
LIPSITZ, GREEN, FAHRINGER
ROLL, SALISBURY & CAMBRIA, LLP
42 Delaware Avenue, Ste 300
Buffalo, NY 14202-3857
*Co-counsel for Plaintiff/Counterdefendants*

/s/ Deborah Robertson

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;307333;1

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 11)

Case 2:05-cv-00854-EHC   Document 42   Filed 08/22/2005   Page 11 of 11

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;307333;1