STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

David J. Bodney (006065)
Dennis K. Blackhurst (021678)
Attorneys for Defendants/Counterclaimants
Regan Media, Inc. and Judith Regan

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON, <br><br> Plaintiff, <br><br> vs. <br><br> "REGAN MEDIA," and JUDITH REGAN, an individual, <br><br> Defendants. | No. CV 05-0854 PHX EHC <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS/ COUNTERCLAIMANTS' MOTION татаamend COUNTERCLAIM** |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual, <br><br> Defendants/Counterclaimants, <br><br> vs. <br><br> JENNA MASSOLI p/k/a JENNA JAMESON, an individual, <br><br> Plaintiff/Counterdefendant, <br><br> and <br><br> JAY GRDINA, an individual, <br><br> Third-Party Counterdefendant. | (Assigned to the Honorable Earl H. Carroll) |

Defendants/Counterclaimants Regan Media, Inc. ("Regan Media") and Judith Regan ("Judith Regan") (collectively, "Regan") recently learned that Plaintiff/Counterdefendant Jenna Massoli p/k/a Jenna Jameson ("Jameson") used her company, Dolce Amore, Inc. ("Dolce Amore"), to execute a contract with the A&E Television Network ("A&E"). In light of Jameson's belated disclosure of this fact, Regan seeks leave to amend the Counterclaim to (a) join Dolce Amore as an additional Counterdefendant for its intentional interference with the Jameson-Regan Media contract at issue in this case, and (b) revise Regan's claims based on Jameson's recent disclosures.

**Procedural Background**

Jameson initiated this litigation seeking a declaration from the Court that her participation in a reality television series produced by A&E is not a breach of her written Agreement with Regan Media because Jameson's negotiations with A&E allegedly pre-dated the Agreement. Judith Regan and Regan Media counterclaimed for breach of the April 1, 2004 Agreement between Regan Media and Jameson (the "Agreement"), in which Jameson granted Regan rights to participate in any reality television series featuring Jameson. Because Jameson admitted her participation in the A&E Project in her pleadings, and because the Agreement could be construed and judgment entered entirely as a matter of law, Regan filed a Rule 12(c) Motion for Judgment on the Pleadings on the issue of Jameson's liability for breach of the Agreement.

Instead of filing a "Response" to Regan's Rule 12(c) Motion, Jameson filed a Rule 56(f) Motion, claiming a need to take discovery on purported "ambiguities" in the

Agreement. In Jameson's Reply in support of her Rule 56(f) Motion, she disclosed for the first time that a corporate entity, Dolce Amore, Inc., was the nominal party that executed the A&E Contract, and asserted a new argument that the Agreement did not cover the Agreement because the company, and not Jameson personally, entered into the contract with A&E. [*See* July 18, 2005 Reply to Defendants/Counterclaimants' Response in Opposition to Plaintiff/Counterdefendants' Rule 56(f) Motion at 3.] Jameson's Complaint for Declaratory Relief nowhere mentioned the role played by her Colorado corporation, Dolce Amore, in executing her contract with A&E. Indeed, only as a last-gasp attempt to excuse her breach of the Agreement did Jameson reveal in her Reply the role of Dolce Amore in undermining the parties' Agreement.

**Argument**

Regan seeks leave to file a Second Amended Counterclaim principally to add Dolce Amore as a counterdefendant. Regan's request is timely, because Jameson only recently revealed Dolce Amore's nominal role in executing the A&E Contract on July 18, 2005. This Motion to Amend is within the case schedule ordered by the Court, which requires amendments to name additional parties by September 16, 2005. [*See* June 20, 2005 Order.]

Motions to amend are governed under Rule 15, which provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Ninth Circuit has interpreted the policy in favor of allowing amendment as one that should

3

be "applied with extreme liberality." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Granting Regan's request for leave to amend would be fair in the circumstances. When Regan responded to Jameson's Complaint and filed their Counterclaim, they had no knowledge of the existence of Dolce Amore. Although Jameson originally initiated this litigation on the basis that *her* negotiations with A&E allegedly pre-dated her Agreement with Regan Media, and that the A&E Contract was not encompassed within her Agreement with Regan Media, she has now changed tack to argue that it was Dolce Amore, not Jameson personally, who executed the A&E Contract. Although this is a distinction without a difference, Regan seeks to add Dolce Amore as a counterdefendant because the facts will establish that Jameson used Dolce Amore in a knowing attempt to avoid her contractual obligations to Regan and Regan Media. In addition, it appears Dolce Amore may have been paid money by A&E that represents the damages to which Regan is entitled under the Agreement. Accordingly, Regan should be allowed to join Dolce Amore as an additional counterdefendant.

If the Court is inclined to grant Regan's Motion to Amend, Regan will withdraw the pending Rule 12(c) Motion for Judgment on the Pleadings. Because Regan's Second Amended Counterclaim would materially change the allegations against Jameson and Jay Grdina, it would not be a prudent use of judicial resources to proceed with either Regan's Rule 12(c) Motion or Jameson's Rule 56(f) Motion based on the prior pleadings. The Court could therefore vacate the oral argument currently scheduled for October 3,

2005 on Jameson's Rule 56(f) Motion as moot. None of these actions would prejudice Jameson, whose failure to reveal the conduct of Dolce Amore in her Complaint necessitated Regan's Motion to Amend.

**Conclusion**

For the foregoing reasons, Defendants Regan Media, Inc. and Judith Regan request that the Court grant their Motion to Amend Counterclaim.

Respectfully submitted this 9th day of September, 2005.

                    STEPTOE & JOHNSON LLP

                    By: /s/ David J. Bodney
                        David J. Bodney
                        Dennis K. Blackhurst
                        Collier Center
                        201 East Washington Street
                        Suite 1600
                        Phoenix, Arizona 85004-2382

Attorneys for Defendants/
Counterclaimants Regan Media, Inc. and Judith Regan

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2005, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electric Filing to the following CM/ECF Registrants:

James L. Blair
Roger William Hall
Renaud Cook Drury Mesaros, PA
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, AZ 85004-4417
*Attorneys for Plaintiff/Counterdefendant and*
*Third-Party Counterdefendant*

I hereby certify that on the 9th day of September, 2005, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

Bernard M. Brodsky
Jeffrey F. Reina
Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202-3857
*Attorneys for Plaintiff/Counterdefendant and*
*Third-Party Counterdefendant*

/s/ Lisa Morgan
Lisa Morgan          478796