```
James L. Blair, #016125
Roger W. Hall, #013727
RENAUD COOK DRURY MESAROS, PA
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, Arizona 85004-4417
(602) 307-9900
jblair@rcdmlaw.com
rhall@rcdmlaw.com
```
*Attorneys for Plaintiff/Counterdefendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON,<br><br>Plaintiff,<br><br>v.<br><br>"REGAN MEDIA," JUDITH REGAN, as an individual,<br><br>Defendants.<br><br>REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual,<br><br>Defendants/Counterclaimants,<br><br>v.<br><br>JENNA MASSOLI, p/k/a JENNA JAMESON, an individual,<br><br>Plaintiff/Counterdefendant,<br><br>and<br><br>JAY GRDINA, an individual, and DOLCE AMORE, INC., a Colorado corporation,<br><br>Counterdefendants. | CV 05-0854 PHX EHC<br><br>**REPLY TO SECOND AMENDED COUNTERCLAIM**<br><br>(*Assigned to the Honorable Earl H. Carroll*) |

Plaintiff Jenna Massoli, pka Jenna Jameson and counterdefendants John G. "Jay" Grdina and Dolce Amore, Inc. (collectively, "Plaintiffs") by and through their counsel

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 1)   Case 2:05-cv-00854-EHC   Document 58   Filed 11/02/2005   Page 1 of 15

Dockets.Justia.com

undersigned, hereby submit this Reply to the Second Amended Counterclaim (the "Counterclaim") filed by defendants Judith Regan and Regan Media, Inc. (collectively, "Defendants").

1. Plaintiffs admit the allegations set forth in paragraph 1 of the Counterclaim.
2. Plaintiffs admit the allegations set forth in paragraph 2 of the Counterclaim.
3. Plaintiffs admit the allegations set forth in paragraph 3 of the Counterclaim.
4. Plaintiffs admit the allegations set forth in paragraph 4 of the Counterclaim.
5. Plaintiffs admit the allegations set forth in paragraph 5 of the Counterclaim.
6. Plaintiffs admit the allegations set forth in paragraph 6 of the Counterclaim.
7. Plaintiffs admit the allegations set forth in paragraph 7 of the Counterclaim.

## FACTS
### The April 1, 2004 Agreement

8. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaim and therefore deny those allegations.

9. Plaintiffs admit that plaintiff Jenna Massoli ("Massoli") entered into the Agreement described in paragraph 9 of the Counterclaim (the "Agreement"). Plaintiffs affirmatively assert, however, that Massoli did not execute the Agreement on April 1, 2004 as alleged, but executed it sometime after April 14, 2004. As to the remaining allegations contained in paragraph 9, Plaintiffs affirmatively assert that the Agreement speaks for itself. To the extent that paragraph 9 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

10. With respect to paragraph 10 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 10 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

11. With respect to paragraph 11 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 11 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

12. With respect to paragraph 12 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 12 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

13. With respect to paragraph 13 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 13 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

14. With respect to paragraph 14 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 14 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

15. With respect to paragraph 15 of the Counterclaim, said paragraph asserts a legal conclusion which is incapable of admission or denial. To the extent that paragraph 15 does contain allegations against Plaintiffs, Plaintiffs deny those allegations.

16. With respect to paragraph 16 of the Counterclaim, said paragraph asserts a legal conclusion which is incapable of admission or denial. To the extent that paragraph 16 does contain allegations against Plaintiffs, Plaintiffs deny those allegations.

17. With respect to paragraph 17 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 17 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;316702;1

18. With respect to paragraph 18 of the Counterclaim, Plaintiffs admit that Regan and/or Regan Media conducted discussions with the Fox Network and VH1 prior to the post-April 14, 2004 execution and delivery of the Agreement. Plaintiffs affirmatively assert that neither Regan nor Regan Media took any action after the post-April 14, 2004 execution of the Agreement to exploit the rights or perform the obligations stated therein with respect to a reality-based TV series as described in paragraph 2 of Exhibit A to that Agreement, thereby effectively abandoning the Agreement. Plaintiffs deny any remaining allegations contained in paragraph 18.

19. Plaintiffs deny each and every allegation contained in paragraph 19 of the Counterclaim. Plaintiffs affirmatively assert that the allegations regarding the A&E Television Networks ("A&E") contained in paragraph 19 are false, and are known to be false by Regan and Regan Media.

**The A&E Contract**

20. With respect to paragraph 20 of the Counterclaim, Plaintiffs admit that Dolce Amore, Inc. ("Dolce Amore") and Grdina had ongoing negotiations and discussions with A&E before and after the post-April 14, 2004 execution of the Agreement. Plaintiffs affirmatively assert that in January 2004, Regan had stated that A&E lacked the proper target audience for a reality series featuring Jenna Jameson. Plaintiffs deny any remaining allegations contained in paragraph 20.

21. Plaintiffs deny each and every allegation contained in paragraph 21 of the Counterclaim.

22. Plaintiffs admit the allegations contained in paragraph 22 of the Counterclaim.

23. Plaintiffs admit the allegations contained in paragraph 23 of the Counterclaim.

24. Plaintiffs deny each and every allegation contained in paragraph 24 of the Counterclaim.

///

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;316702;1

25. With respect to paragraph 25 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 25 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

26. With respect to paragraph 26 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 26 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

27. With respect to paragraph 27 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 27 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

28. With respect to paragraph 28 of the Counterclaim, Plaintiffs affirmatively assert that except for its date, the Agreement speaks for itself. To the extent that paragraph 28 seeks to characterize or interpret the Agreement, Plaintiffs deny those characterizations or interpretations.

29. With respect to paragraph 29 of the Counterclaim, Plaintiffs admit that had the reality show contemplated by the A&E Contract been produced, Grdina would have had executive producer credits, but Regan would not. Plaintiffs further admit that neither Regan nor Regan Media are mentioned anywhere in the A&E Contract. Plaintiffs affirmatively assert, however, that A&E has made a determination not to telecast or otherwise distribute the reality show, and that Regan and Regan Media were advised prior to the filing of their Second Amended Counterclaim that A&E had elected not to exercise its option to telecast either the pilot or series described in paragraph 4(d) of the A&E Contract. Plaintiffs deny any remaining allegations contained in paragraph 29.

///

(Page 5)

Case 2:05-cv-00854-EHC   Document 58   Filed 11/02/2005   Page 5 of 15

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;316702;1

30. With respect to paragraph 30 of the Counterclaim, Plaintiffs affirmatively assert that the Artist's Letter of Inducement attached to the A&E Contract speaks for itself. To the extent that paragraph 30 seeks to characterize or interpret the Artist's Letter of Inducement, Plaintiffs deny those characterizations or interpretations.

31. With respect to paragraph 31 of the Counterclaim, Plaintiffs affirmatively assert that the Artist's Letter of Inducement speaks for itself. To the extent that paragraph 31 seeks to characterize or interpret the Artist's Letter of Inducement, Plaintiffs deny those characterizations or interpretations.

32. With respect to paragraph 32 of the Counterclaim, said paragraph asserts a legal conclusion which is incapable of admission or denial. To the extent that paragraph 32 does contain allegations against Plaintiffs, Plaintiffs deny those allegations. Plaintiffs affirmatively assert that the legal conclusions stated in paragraph 32 are frivolous.

33. Plaintiffs deny each and every allegation contained in paragraph 33 of the Counterclaim.

34. Plaintiffs deny each and every allegation contained in paragraph 34 of the Counterclaim.

35. Plaintiffs deny each and every allegation contained in paragraph 35 of the Counterclaim.

36. With respect to paragraph 36 of the Counterclaim, Plaintiffs admit that nothing contained with the A&E Contract provides for any credits, compensation, or benefit to Regan or Regan Media. Plaintiffs deny that the exclusion of Defendants from the A&E Contract is a violation of any right afforded to Defendants under the April 2004 Agreement or otherwise. Plaintiffs deny any remaining allegations contained in paragraph 36.

37. Plaintiffs deny each and every allegation contained in paragraph 37 of the Counterclaim.

///

38. Plaintiffs deny each and every allegation contained in paragraph 38 of the Counterclaim.

**COUNT ONE (Breach of Contract)**
**Regan Media v. Massoli**

39. With respect to paragraph 39 of the Counterclaim, Plaintiffs incorporate by reference their responses to paragraphs 1-38 of the Counterclaim as if fully set forth herein.

40. Plaintiffs deny each and every allegation contained in paragraph 40 of the Counterclaim.

41. Plaintiffs deny each and every allegation contained in paragraph 41 of the Counterclaim.

42. Plaintiffs deny each and every allegation contained in paragraph 42 of the Counterclaim.

43. Plaintiffs deny each and every allegation contained in paragraph 43 of the Counterclaim.

44. Plaintiffs deny each and every allegation contained in paragraph 44 of the Counterclaim.

45. Plaintiffs deny each and every allegation contained in paragraph 45 of the Counterclaim.

46. Plaintiffs deny each and every allegation contained in paragraph 46 of the Counterclaim.

47. Plaintiffs deny each and every allegation contained in paragraph 47 of the Counterclaim.

**COUNT TWO (Breach of Contract/Third Party Beneficiary)**
**Regan v. Massoli**

48. With respect to paragraph 48 of the Counterclaim, Plaintiffs incorporate by reference their responses to paragraphs 1-47 of the Counterclaim as if fully set forth herein.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;316702;1

Case 2:05-cv-00854-EHC   Document 58   Filed 11/02/2005   Page 7 of 15

49. Plaintiffs deny each and every allegation contained in paragraphs 49 of the Counterclaim.

50. Plaintiffs deny each and every allegation contained in paragraphs 50 of the Counterclaim.

51. Plaintiffs deny each and every allegation contained in paragraphs 51 of the Counterclaim.

52. Plaintiffs deny each and every allegation contained in paragraphs 52 of the Counterclaim.

53. Plaintiffs deny each and every allegation contained in paragraphs 53 of the Counterclaim.

54. Plaintiffs deny each and every allegation contained in paragraphs 54 of the Counterclaim.

55. Plaintiffs deny each and every allegation contained in paragraphs 55 of the Counterclaim.

56. Plaintiffs deny each and every allegation contained in paragraphs 56 of the Counterclaim.

**COUNT THREE (Breach of Contract or Good Faith and Fair Dealing)**
**Regan and Regan Media v. Massoli**

57. With respect to paragraph 57 of the Counterclaim, Plaintiffs incorporate by reference their responses to paragraphs 1-56 of the Counterclaim as if fully set forth herein.

58. With respect to paragraph 58 of the Counterclaim, said paragraph asserts a legal conclusion which is incapable of admission or denial. To the extent that paragraph 58 does contain allegations against Plaintiffs, Plaintiffs deny those allegations.

59. Plaintiffs deny each and every allegation contained in paragraph 59 of the Counterclaim.

///

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;316702;1

60. Plaintiffs deny each and every allegation contained in paragraph 60 of the Counterclaim.

61. Plaintiffs deny each and every allegation contained in paragraph 61 of the Counterclaim.

62. Plaintiffs deny each and every allegation contained in paragraph 62 of the Counterclaim.

**COUNT FOUR (Declaratory Judgment)**
**Regan and Regan Media v. Massoli**

63. With respect to paragraph 63 of the Counterclaim, Plaintiffs incorporate by reference their responses to paragraphs 1-62 of the Counterclaim as if fully set forth herein.

64. With respect to paragraph 64 of the Counterclaim, Plaintiffs admit that there is an actual dispute regarding whether the A&E Project is subject to the April 2004 Agreement. Plaintiffs deny that Defendants are entitled to any relief under the facts and contracts at issue, and further deny that an actual dispute exists with respect to the claims of Judith Regan for declaratory judgment, if any. Plaintiffs deny any remaining allegations contained in paragraph 64.

**COUNT FIVE (Intentional Interference with Contract)**
**Regan and Regan Media v. Dolce Amore**

65. With respect to paragraph 65 of the Counterclaim, Plaintiffs incorporate by reference their responses to paragraphs 1-64 of the Counterclaim as if fully set forth herein.

66. With respect to paragraph 66 of the Counterclaim, Plaintiffs admit that Dolce Amore was aware of the April 2004 Agreement as of November 2004, but no earlier.

67. With respect to paragraph 67 of the Counterclaim, Plaintiffs admit that after Dolce Amore learned of the April 2004 Agreement, it understood Massoli's obligations to Regan and Regan Media under that Agreement. Plaintiffs affirmatively assert that Massoli had no obligation to Defendants with respect to the A&E Contract. Plaintiffs further affirmatively

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;316702;1

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

assert that Plaintiffs had a prior and continuing relationship with A&E involving the production of a reality TV series featuring Jenna Jameson of which Defendants were aware prior to and after the formation of the April 2004 Agreement. Plaintiffs deny any remaining allegations contained in paragraph 67.

68. With respect to paragraph 68 of the Counterclaim, Plaintiffs admit that Dolce Amore entered into a contract with A&E as described in paragraph 68. Plaintiffs affirmatively assert that said contract was cancelled by A&E prior to the filing of the Second Amended Counterclaim, and that Defendants were aware of that cancellation prior to the filing of the Second Amended Counterclaim. Plaintiffs deny any remaining allegations contained in paragraph 68.

69. Plaintiffs deny each and every allegation contained in paragraph 69 of the Counterclaim.

70. Plaintiffs deny each and every allegation contained in paragraph 70 of the Counterclaim.

71. Plaintiffs deny each and every allegation contained in paragraph 71 of the Counterclaim.

72. With regard to paragraph 72 of the Counterclaim, Plaintiffs admit that Dolce Amore has received payment from A&E under the terms of the A&E Contract with respect to a pilot.

73. Plaintiffs deny each and every allegation contained in paragraph 73 of the Counterclaim.

**COUNT SIX (Intentional Interference with Contract)**
**Regan and Regan Media v. Grdina**

74. With respect to paragraph 74 of the Counterclaim, Plaintiffs incorporate by reference their responses to paragraphs 1-73 of the Counterclaim as if fully set forth herein.

///

75. With respect to paragraph 75 of the Counterclaim, Plaintiffs admit that Grdina had knowledge and information regarding the April 2004 Agreement as of November 2004, but no earlier. Plaintiffs deny any remaining allegations contained in paragraph 75.

76. With respect to paragraph 76 of the Counterclaim, Plaintiffs admit that after Grdina learned of the existence of the April 2004 Agreement, he understood the obligations of Massoli under the Agreement. Plaintiffs affirmatively assert that at all times material to the April 2004 Agreement, Defendants had actual knowledge that Grdina was actively engaged in negotiations with A&E regarding a reality TV series, and that Jenna Massoli's agent, Endeavor LA, was representing Massoli in those negotiations. Plaintiffs further affirmatively assert that at all times material hereto, Defendants had actual knowledge that they were neither authorized or permitted to contact A&E regarding any aspect of a reality TV show. Plaintiffs deny any remaining allegations contained in paragraph 76.

77. With respect to paragraph 77 of the Counterclaim, Plaintiffs admit that Dolce Amore entered into a contract with A&E in January 2005. Plaintiffs deny any remaining allegations contained in paragraph 77.

78. Plaintiffs deny each and every allegation contained in paragraph 78 of the Counterclaim.

79. Plaintiffs deny each and every allegation contained in paragraph 79 of the Counterclaim.

80. Plaintiffs deny each and every allegation contained in paragraph 80 of the Counterclaim.

81. Plaintiffs deny each and every allegation contained in paragraph 81 of the Counterclaim.

82. Plaintiffs deny each and every allegation contained in paragraph 82 of the Counterclaim.

///

## COUNT SEVEN (Unjust Enrichment)
**Regan and Regan Media v. Dolce Amore**

83. With respect to paragraph 83 of the Counterclaim, Plaintiffs incorporate by reference their responses to paragraphs 1-82 of the Counterclaim as if fully set forth herein.

84. With respect to paragraph 84 of the Counterclaim, said paragraph asserts a legal conclusion which is incapable of admission or denial. To the extent that paragraph 84 does contain allegations against Plaintiffs, Plaintiffs deny those allegations. Plaintiffs affirmatively assert that Massoli performed each and every obligation under the April 2004 Agreement prior to its abandonment by Defendants. Plaintiffs deny any remaining allegations contained in paragraph 84.

85. Plaintiffs deny each and every allegation contained in paragraph 85 of the Counterclaim.

86. Plaintiffs deny each and every allegation contained in paragraph 86 of the Counterclaim.

87. Plaintiffs deny each and every allegation contained in paragraph 87 of the Counterclaim.

88. Plaintiffs deny each and every allegation contained in paragraph 88 of the Counterclaim.

89. Plaintiffs deny each and every allegation contained in paragraph 89 of the Counterclaim.

90. Plaintiffs deny each and every allegation contained in paragraph 90 of the Counterclaim.

## COUNT EIGHT (Alter Ego Liability)
**Reagan and Regan Media v. Dolce Amore, Massoli and Grdina**

91. With respect to paragraph 91 of the Counterclaim, Plaintiffs incorporate by reference their responses to paragraphs 1-90 of the Counterclaim as if fully set forth herein.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;316702;1

92. With respect to paragraph 92 of the Counterclaim, Plaintiffs admit that Massoli and Grdina are the sole shareholders, officers, and directors of Dolce Amore, Inc. Plaintiffs deny any remaining allegations contained in paragraph 92.

93. Plaintiffs deny each and every allegation contained in paragraph 93 of the Counterclaim.

94. Plaintiffs deny each and every allegation contained in paragraph 94 of the Counterclaim.

95. With respect to paragraph 95 of the Counterclaim, Plaintiffs admit that Dolce Amore received payment from A&E pursuant to the terms of the A&E Contract. Plaintiffs deny any remaining allegations contained in paragraph 95.

96. Plaintiffs deny each and every allegation contained in paragraph 96 of the Counterclaim.

**GENERAL DENIAL**

97. Any allegation not specifically admitted to in this Reply is hereby denied.

**AFFIRMATIVE DEFENSES**

1. Pursuant to Rule 8(c), Federal Rules of Civil Procedure, Plaintiffs assert the following affirmative defenses: accord and satisfaction, estoppel, failure of consideration, fraud, license, release, and waiver;

2. Defendants fail to state a claim upon which relief may be granted;

3. Defendants failed to perform any obligation or duty, or fulfill any condition of the April 2004 Agreement with respect to a reality based television program, which failures constitute a prior and continuing breach of contract;

4. Defendants abandoned the April 2004 Agreement by their knowledge of Plaintiffs' negotiations with A&E, and thereby waived any alleged breach and/or are estopped to claim damages for any alleged breach;

///

(Page 13)

Case 2:05-cv-00854-EHC   Document 58   Filed 11/02/2005   Page 13 of 15

5. Any alleged breach of contract was induced by Defendants' own words and conduct;

6. Defendants have failed to mitigate their damages, if any;

7. By words and conduct, Plaintiffs and Defendants have cancelled the April 2004 Agreement by mutual consent;

8. Defendant Regan lacks standing to assert any claim for damages arising out of any agreement with Massoli, as the parties had no intent to confer any direct financial benefit upon Regan;

9. Dolce Amore had a prior and continuing relationship with A&E of which Defendants were fully informed. Dolce Amore was therefore privileged to compete with Defendants regarding the acquisition of the A&E Contract;

10. The execution of the April 2004 Agreement was concealed from Grdina, by Defendants, under circumstances where Defendants had actual knowledge that Grdina was in a prior and continuing business relationship with A&E regarding a reality based television series, but nevertheless importuned Massoli to sign the Agreement;

11. The execution of the April 2004 Agreement was concealed from Grdina, by Defendants, under circumstances where Defendants had actual knowledge that Massoli does not review or execute any contract without Grdina's knowledge and consent, but nevertheless importuned Massoli to sign the Agreement;

12. Defendants' claims are barred by their fraudulent inducement of the Agreement and by unclean hands;

13. Grdina was actively engaged with A&E in the negotiation of a contract for a reality television series with the Defendants' full knowledge. Defendants therefore acquiesced to the activities of Grdina and Dolce Amore with respect to A&E. Grdina was privileged to act on behalf of Massoli and Dolce Amore and to compete with Defendants with respect to A&E;

1. 14. Defendants have failed to perform any duty, service, or obligation under the April 2004 Agreement with respect to A&E;

2. 15. Defendants have failed to exploit the rights claimed to have been granted under the Agreement, and abandoned such rights by their inaction;

3. 16. Defendants have knowingly waived any claim to compensation arising out of the A&E contract and are estopped from claiming damages thereunder.

RESPECTFULLY SUBMITTED this 2nd day of November, 2005.

RENAUD COOK DRURY MESAROS, PA

By: /s/ Roger W. Hall, #013727
James L. Blair
Roger W. Hall
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, AZ 85004-4417
*Attorneys for Plaintiff/Counterdefendants*

The foregoing filed electronically this
2nd day of November, 2005.

COPY of the foregoing hand-delivered
to the Honorable Earl H. Carroll this 2nd day
of November, 2005.

COPY of the foregoing hand-delivered
this 2nd day of November, 2005, to:

David J. Bodney, Esq.
Dennis K. Blackhurst, Esq.
STEPTOE & JOHNSON, LLP
Collier Center
201 East Washington Street, Ste 1600
Phoenix, AZ 85004-2382
*Attorneys for Defendants/Counterclaimants*

/s/ Deborah Robertson

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;316702;1

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853