STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

David J. Bodney (006065)
Dennis K. Blackhurst (021678)
Attorneys for Defendants/Counterclaimants
Regan Media, Inc. and Judith Regan

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON,<br><br>Plaintiff,<br><br>vs.<br><br>"REGAN MEDIA," and JUDITH REGAN, an individual,<br><br>Defendants. | No. CV 05-0854 PHX EHC<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT/ COUNTERCLAIMANT REGAN MEDIA'S MOTION TO COMPEL** |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual,<br><br>Defendants/Counterclaimants,<br><br>vs.<br><br>JENNA MASSOLI p/k/a JENNA JAMESON, an individual,<br><br>Plaintiff/Counterdefendant,<br><br>and<br><br>JAY GRDINA, an individual,<br><br>Third-Party Counterdefendant. | (Assigned to the Honorable Earl H. Carroll) |

Plaintiff/Counterdefendants Jenna Massoli p/k/a Jenna Jameson, Jay Grdina and Dolce Amore Inc. (collectively, "Counterdefendants") have failed to respond to a proper request for production of documents served over two months ago. Defendant/Counterclaimant Regan Media, Inc. ("Regan") agreed to one extension of time for Counterdefendants to respond, and attempted on several occasions to obtain the responses and requested documents without involving the Court. However, Counterdefendants still have not produced either a written response or the requested documents. In the circumstances, Counterdefendants should be compelled to respond to the First Request for Production of Documents forthwith. In addition, under Rule 37, the Court should award Regan its expenses and attorneys' fees incurred in bringing this Motion to Compel.

**Background**

On November 4, 2005, Regan Media served written discovery requests, including the First Request for Production of Documents, which called for responsive materials within 30 days of service. [*See* Defendant/Counterclaimant Regan Media's First Request for Production of Documents from Counterdefendants, attached as Exhibit A.] On or about December 5, 2005, counsel for Counterdefendants, Roger Hall, telephoned Regan's counsel to request an extension of time for Counterdefendants to respond to the document requests. Regan's counsel agreed to extend the deadline to December 12, 2005. [*See* December 9, 2005 letter from David J. Bodney to Roger William Hall, attached as Exhibit B.]

On December 14, 2005, Regan's counsel sent an e-mail to Mr. Hall inquiring about the status of Counterdefendants' document production and suggesting that Regan might have no choice but to file a motion to compel. [*See* December 14, 2005 e-mails between Roger Hall and David Bodney, attached as Exhibit C.] On Tuesday, December 27, 2005, Regan's counsel telephoned Mr. Hall to inquire about the response to Regan's document requests. Mr. Hall offered no excuse for his clients' failure to comply with the pending discovery request. Regan's counsel informed Mr. Hall that Regan would be obliged to file a motion to compel if Counterdefendants failed to respond to the First Request for Production by January 2, 2006. As of the filing of this Motion, Counterdefendants have failed to produce a written response to Regan's First Request for Production or responsive documents.

**Argument**

Rule 37 provides in relevant part:

> . . . if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for . . . an order compelling inspection in accordance with the request.

Fed.R.Civ.P. 37(a)(2)(B). Counterdefendants have failed to respond to a proper request for production of documents under Fed.R.Civ.P. 34. Therefore, the Court should compel a response to the First Request for Production. This request was issued over two months ago, yet Counterdefendants have failed even to produce a written response. Regan agreed to Counterdefendants' request for an extension and has attempted to resolve this issue informally by contacting Counterdefendants' counsel on several occasions regarding

3

Regan's document requests. To move this action forward -- to prepare for and take Counterdefendants' depositions on February 14 and 16, 2006 as the parties have agreed -- this Motion to Compel should be granted.

In addition, Regan requests an award of its expenses and attorneys' fees incurred in bringing this Motion to Compel. Rule 37 provides:

> If the Motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A). Regan has fulfilled its obligations to endeavor to resolve this dispute without involving the Court, and there are no other facts or circumstances that would justify Counterdefendants' non-response or make an award of fees unjust. An award of movants' reasonable attorneys' fees is appropriate.

**Conclusion**

For the foregoing reasons, Regan Media, Inc. requests that the Court grant this Motion to Compel and issue an order (a) compelling Counterdefendants to respond to Regan's First Request for Production of Documents, and (b) awarding Regan its expenses and attorneys' fees incurred in bringing this Motion to Compel.

RESPECTFULLY SUBMITTED this 5th day of January, 2006.

        STEPTOE & JOHNSON LLP

        By: /s/ David J. Bodney
         David J. Bodney
         Dennis K. Blackhurst
         Collier Center
         201 East Washington Street
         Suite 1600
         Phoenix, Arizona 85004-2382

        Attorneys for Defendants/
        Counterclaimants Regan Media, Inc. and
        Judith Regan

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2006, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electric Filing to the following CM/ECF Registrants:

James L. Blair
Roger William Hall
Renaud Cook Drury Mesaros, PA
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, AZ 85004-4417
*Attorneys for Plaintiff/Counterdefendant and*
*Third-Party Counterdefendant*

I hereby certify that on the 5th day of January, 2006, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

Bernard M. Brodsky
Jeffrey F. Reina
Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202-3857
*Attorneys for Plaintiff/Counterdefendant and*
*Third-Party Counterdefendant*

/s/ Beth Gibson
Beth Gibson          488323