STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

David J. Bodney (006065)
Dennis K. Blackhurst (021678)
Attorneys for Defendants/Counterclaimants
Regan Media, Inc. and Judith Regan

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON, <br><br> Plaintiff, <br><br> vs. <br><br> "REGAN MEDIA," and JUDITH REGAN, an individual, <br><br> Defendants. | No. CV 05-0854 PHX EHC <br><br> **MEMORANDUM IN SUPPORT OF REGAN MEDIA'S SECOND MOTION TO COMPEL AND REQUEST FOR SANCTIONS** <br><br> **(ORAL ARGUMENT REQUESTED)** <br><br> (Assigned to the Honorable Earl H. Carroll) |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual, <br><br> Defendants/Counterclaimants, <br><br> vs. <br><br> JENNA MASSOLI p/k/a JENNA JAMESON, an individual, <br><br> Plaintiff/Counterdefendant, <br><br> and <br><br> JAY GRDINA, an individual, and DOLCE AMORE, INC., a Colorado corporation, <br><br> Counterdefendants. | |

Defendant/Counterclaimant Regan Media, Inc. ("Regan Media") filed its first Motion to Compel when Plaintiff/Counterdefendants Jenna Massoli p/k/a Jenna Jameson, Jay Grdina and Dolce Amore Inc. (collectively, "Counterdefendants") failed to offer any response at all to Regan Media's First Request for Production of Documents. Counterdefendants offered no real opposition to that Motion to Compel, "confessing" that they failed to respond and representing to the Court and Regan Media that all responsive documents would be produced by February 7, 2006, a week in advance of the scheduled depositions of Jameson and Grdina. Contrary to those promises, Counterdefendants failed to produce anything on February 7. On February 9, after repeated calls from counsel for Regan Media, Counterdefendants finally served a written response to Regan Media's Request for Production, but only a handful of documents. As a result, Regan Media has been obliged to postpone the Jameson and Grdina depositions yet again and seek the Court's intervention to obtain relevant documents. Counterdefendants have already agreed to pay Regan Media's attorneys' fees in connection with the first Motion to Compel; this time, more severe sanctions should be imposed.

**Pertinent Background**

On November 4, 2005, Regan Media first noticed the depositions of Jenna Jameson, Jay Grdina and Dolce Amore, Inc. for the week of January 5, 2006, giving Counterdefendants over two months' notice of the proposed deposition dates. Also on November 4, Regan Media served its First Request for Production of Documents and First Set of Interrogatories. [*See* Defendant/Counterclaimant Regan Media's First Request for Production of Documents from Counterdefendants, attached as Exhibit A.] On December

2

7, 2005, Counterdefendants served a response[1] to Regan Media's Interrogatories (*see* Counterdefendants' Responses to Regan Media's First Set of Interrogatories, attached as Exhibit B), but no response to Regan Media's Request for Production.

By letter dated December 9, 2005, Regan Media agreed to Counterdefendants' request for an extension to respond to Regan Media's document requests until December 12. [*See* December 9, 2005 letter from David J. Bodney to Roger William Hall, attached as Exhibit C.] To accommodate Counterdefendants' business commitments, Regan Media agreed to reschedule the depositions for a date later in January or February, proposing January 31 and February 2, 2006. [*See id.*] The following week, Counterdefendants indicated that the proposed dates were inconvenient and requested new dates for the depositions. By e-mail dated December 14, 2005, the parties agreed -- again, two months in advance -- to schedule the depositions of Jenna Jameson and Jay Grdina for February 14 and 16, 2006. [*See* December 14, 2005 e-mail from David Bodney to Roger Hall, attached as Exhibit D.] At the time, Regan Media believed it would have Counterdefendants' documents in time to prepare for the depositions.

After several fruitless attempts to secure Counterdefendants' production of documents in December, Regan Media filed a Motion to Compel[2] on January 5, 2006. On January 23, 2006, Counterdefendants filed a Response to the Motion to Compel, admitting

---

[1] Counterdefendants' answers to Regan Media's First Set of Interrogatories were not "signed by the person making them," as required by Rule 33(b)(2). By letter dated December 9, 2005, Regan Media requested that Counterdefendants obtain the signatures of the individuals making the answers (*see* Ex. B), but Counterdefendants have not provided them. Regan Media requests that the Court order Counterdefendants to provide these signatures.

[2] Regan Media's first Motion to Compel has been fully briefed and is pending before the Court.

3

that they had failed to respond to Regan Media's document requests and promising that responsive documents would be produced on February 7, 2006 – a week before Jameson's February 14 deposition. [*See* Response to Defendant/Counterclaimant Regan Media's Motion to Compel at 4.] Contrary to the representations in Counterdefendants' Response to the Motion to Compel, however, no documents were produced on February 7.

At day's end February 9, and after several telephone calls from Regan Media's counsel, Counterdefendants hand-delivered a written response to Regan Media's Request for Production, but only a handful of documents. The production did *not* include any documents responsive to many of Regan Media's requests and asserted improper objections to a number of requests. In addition, the meager set of documents that were produced suggests that Counterdefendants made little or no effort to locate and produce the requested documents. Regan Media's Requests for Production and a brief discussion of the deficiency of Counterdefendants' responses are included in Regan Media's Rule 37.1 Statement filed concurrently herewith.

On February 10, 2006, after reviewing Counterdefendants' production, Regan Media's counsel telephoned opposing counsel in an effort to confer regarding Counterdefendants' deficient production. Counterdefendants' counsel was unable to assure Regan Media that all responsive documents had been produced or that Counterdefendants had conducted an adequate search for responsive documents. [*See* Statement of Moving Counsel, filed concurrently herewith.]

**Argument**

This Motion is brought under Rule 37, which provides in pertinent part:

4

> . . . if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for . . . an order compelling inspection in accordance with the request.

Fed.R.Civ.P. 37(a)(2)(B). Counterdefendants have refused to produce relevant, requested documents. For the reasons below, and pursuant to Rule 37 and the Court's inherent power, an order compelling production and sanctioning Counterdefendants is justified.

### A. Counterdefendants' Production is Deficient.

Counterdefendants' production of documents in response to Regan Media's First Request for Production can be summarized as follows: (a) Articles of Incorporation for Dolce Amore, Inc.; (b) Dolce Amore's federal tax returns for 2002 and 2003; and (c) approximately 30 e-mail messages.[3] Only ten of the e-mails produced are responsive to any of Regan Media's Requests for Production. [*See* Statement of Moving Counsel at 2.]

Although requested, Counterdefendants produced no records relating to the $150,000 payment Dolce Amore received from A&E at issue in this lawsuit. [*See* Counterdefendants' Responses to Defendant/Counterclaimant Regan Media's First Request for Production of Documents, attached as Exhibit E, Nos. 1, 7, 12.] They failed to produce any financial documents or bank records relating to Dolce Amore or either Jameson or Grdina, and no minutes or other corporate documents relating to Dolce Amore other than the initial articles of incorporation. [*See id.*, Request for Production Nos. 1, 7, 9, 10, 12, 13, 14, 15.] They failed to produce copies of the one-hour VH1 special

---

[3] Counterdefendants had previously produced another set of documents in August 2005, including several contracts and drafts of contracts, approximately 20-25 e-mail messages, and two or three miscellaneous documents.

5

featuring Jameson produced under the April 1, 2004 Agreement or the pilot filmed under the A&E Contract. [*See id.*, Request for Production Nos. 5, 17.] Although they produced returns for 2002 and 2003, Counterdefendants failed to produce Dolce Amore's corporate tax returns for 1999-2001 and 2004. [*See id.*, Request for Production No. 11.] Counterdefendants failed to produce an "Exclusive Acting Services Agreement" between Jameson and Dolce Amore, although they represent that it exists. [*See id.*, Request for Production No. 6.] The deficiencies in Counterdefendants' production is discussed in greater detail, item-by-item, in Regan Media's Rule 37.1 Statement.

Nowhere in Counterdefendants' response to Regan Media's Request for Production is any indication that Counterdefendants have conducted a reasonable search and produced all relevant documents. In addition, Regan Media's Request for Production made clear that Regan Media seeks the production of electronic documents and data, wherever stored. Although Counterdefendants have produced some e-mails, there is nothing in Counterdefendants' production to indicate that they made a satisfactory effort to locate and produce electronic documents. To the contrary, the few documents produced, and the obvious absence of a number of clearly requested documents, establishes that Counterdefendants have made either no effort to search for various categories of documents or have deliberately decided not to produce them. In short, Counterdefendants have elected not to participate in good faith in the very litigation they initiated.

### B. Counterdefendants' Objections Are Improper.

The objections asserted by Counterdefendants in response to Regan Media's Request for Productions Nos. 6-9 and 12-14 do not excuse Counterdefendants from

6

producing the requested documents, and those objections should be stricken as waived. Rule 34(b) reads:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

Counterdefendants failed to serve a written response until February 9, 2006 -- over three months after Regan Media's Request for Production was served -- waiving any objections to Regan Media's requests. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

Even if the objections were not waived, they are inappropriate and do not excuse Counterdefendants' failure to produce relevant documents. The documents subject to Requests for Production Nos. 6-9 and 12-14 are relevant (1) to trace the funds received by Dolce Amore under the A&E Contract, and (2) to establish facts relating to Counterclaimants' alter ego allegations regarding Dolce Amore and Jameson and Grdina. *See Taeger v. Catholic Family and Community Services*, 196 Ariz. 285, 297-298, 995 P.2d 721, 733-734 (Ariz. App. 1999) (identifying factors relevant to alter ego analysis, including recognition of corporate formalities and use of corporation as mere instrumentality); *Arizona Public Service Co. v. Arizona Corporation Commission*, 155 Ariz. 263, 267, 746 P.2d 4, 8 (Ariz. App. 1987) (overturned on other grounds) (identifying factors relevant to alter ego analysis, including capitalization of corporation); *Honeywell, Inc. v. Arnold Construction Co., Inc.*, 134 Ariz. 153, 159, 654 P.2d 301, 307 (Ariz. App.

7

1982) (identifying factors relevant to alter ago analysis, including commingling of corporate and personal funds, diversion of corporate property to personal use). Counterdefendants also object to the production of documents dating back to 1999 as irrelevant, but they failed to produce requested documents regardless of date, even documents from more recent years.

Regan Media requests that the Court issue an Order compelling Counterdefendants to produce all responsive documents, without objection, on or before 5:00 p.m. on March 17, 2006, and warning Counterdefendants that failure to do so will result in additional sanctions, potentially including the entry of judgment in Counterclaimants favor on all claims. Once all documents are received, Counterclaimants can proceed with depositions. Regan Media requests that the Court order to Jameson to appear for deposition on April 4 and Grdina to appear for deposition on April 6, 2006.

### C. Counterdefendants Should Be Sanctioned.

In their Response to Regan Media's first Motion to Compel, Counterdefendants (1) promised to produce responsive documents by February 7, 2006, and (2) agreed to pay Regan Media's attorneys' fees incurred in bringing the first Motion to Compel. Neither the promise nor the cost of paying Regan Media's legal fees was sufficient to motivate Counterdefendants to comply with their discovery obligations. Accordingly, the Court should impose more severe sanctions for Counterdefendants' misconduct in responding to Regan Media's discovery requests. Regan Media requests that the Court issue an order requiring Counterdefendants to explain their efforts to locate and produce responsive documents and show cause why additional sanctions, including

8

the dismissal of Jameson's Complaint and judgment of liability on Counterclaimants' Counterclaims, should not issue. *See Oregon RAS No. 6, Inc. v. Castle Rock Cellular of Oregon Limited Partnership*, 76 F.3d 1003, 1007 (9th Cir. 1996) (affirming imposition of discovery sanctions under Rule 26(g) and the court's inherent power: "A district court may also under its inherent powers sanction a party or counsel who willfully abuses the judicial process") (internal quotes omitted); *Tomkins v. Schmid Systems, Inc.*, 2005 WL 2592576 at *1-2 (D. Ariz. Oct. 13, 2005) (recognizing court's "well-acknowledged inherent power to levy sanctions in response to abusive discovery practices. Thus, the decision whether to penalize a party for dilatory conduct during discovery proceedings is committed to the sound discretion of the trial court") (internal quotes and citations omitted).

At a bare minimum, Regan Media is entitled to an award of its expenses and attorneys' fees incurred in bringing this Motion to Compel. Rule 37 provides:

> If the Motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A). Regan has fulfilled its obligations to endeavor to resolve this dispute without involving the Court, and there are no other facts or circumstances that would justify Counterdefendants' deficient response or make an award of fees unjust. An award of movants' reasonable attorneys'fees is appropriate.

9

**D.     The Court Should Modify the Scheduling Order.**

On January 11, 2006, the Court entered an Order extending the deadline for Regan Media to disclose any expert witnesses and reports until March 3, 2006. This modification of the Scheduling Order was necessary to allow Counterclaimants to conduct the depositions of Jameson and Grdina and submit any testimony to expert witnesses, if necessary. In light of the delay caused by Counterdefendants' failure to produce requested documents, Regan Media has no alternative but to request that the Court modify the Scheduling Order and to accommodate Counterdefendants' delinquent document production and the depositions of Jameson and Grdina.

Under the current Scheduling Order, Regan Media's expert witness disclosure is due March 3, 2006, Counterdefendants' rebuttal expert disclosure is due March 17, 2006, and the expert deposition deadline is April 21, 2006. [*See* June 20, 2005 Scheduling Order at 3; January 11, 2006 Order.] The final discovery cutoff is scheduled for April 14, 2006. [*See* June 20, 2005 Scheduling Order at 2.] Regan Media requests that the Scheduling Order be adjusted as follows:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Regan Media Expert Disclosure | 03/03/06 | 04/21/06 |
| Counterdefendants' Expert Rebuttal | 03/17/06 | 04/28/06 |
| Discovery Cutoff | 04/14/06 | 05/12/06 |
| Expert Depositions | 04/21/06 | 05/12/06 |
| Motions for Summary Judgment | 05/19/06 | 06/09/06 |

**Conclusion**

For the foregoing reasons, Regan Media, Inc. requests that the Court grant this Motion to Compel and Request for Sanctions and issue an order (1) compelling

10

Counterdefendants to respond fully and without objection to Regan Media's First Request for Production of Documents by 5:00 p.m. March 17, 2006; (2) warning Counterdefendants that failure to produce all requested documents will result in additional sanctions, including the entry of judgment in favor of Counterclaimants on all claims; (3) ordering Counterdefendants to provide signatures from the parties in connection with Counterdefendants' Responses to Regan Media's First Set of Interrogatories; (4) ordering Jameson to appear for deposition on April 4, 2006 and Grdina to appear for deposition on April 6, 2006; (5) awarding Regan Media its reasonable expenses and attorneys' fees incurred in bringing this Motion; (6) requiring Counterdefendants to explain their efforts to locate and produce responsive documents and show cause why additional sanctions, including dismissal of their Complaint or entry of judgment on Counterclaimants' claims, should not issue; and (7) modifying the Scheduling Order to accommodate Counterdefendants' document production and deposition.

RESPECTFULLY SUBMITTED this 17th day of February, 2006.

STEPTOE & JOHNSON LLP

By: /s/ David J. Bodney
David J. Bodney
Dennis K. Blackhurst
Collier Center
201 East Washington Street
Suite 1600
Phoenix, Arizona 85004-2382

Attorneys for Defendants/
Counterclaimants Regan Media, Inc. and
Judith Regan

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2006, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electric Filing to the following CM/ECF Registrants:

> James L. Blair
> Roger William Hall
> Renaud Cook Drury Mesaros, PA
> Phelps Dodge Tower
> One North Central, Suite 900
> Phoenix, AZ  85004-4417
> *Attorneys for Plaintiff/Counterdefendant and*
> *Third-Party Counterdefendant*

I hereby certify that on the 17th day of February, 2006, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

> Bernard M. Brodsky
> Jeffrey F. Reina
> Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
> 42 Delaware Avenue, Suite 300
> Buffalo, NY  14202-3857
> *Attorneys for Plaintiff/Counterdefendant and*
> *Third-Party Counterdefendant*

/s/ Beth Gibson
Beth Gibson                491740