# INDEX OF EXHIBITS

*Jenna Massoli p/k/a Jenna Jameson v. Regan Media and Judith Regan*

## CV 05-00854 PHX EHC

Exhibit A: Defendant/Counterclaimant Regan Media's First Request for Production of Documents from Counterdefendants.

Exhibit B: Plaintiff/Counterdefendants' Responses to Defendant/Counterclaimant Regan Media's First Set of Interrogatories (w/o attachments)

Exhibit C: Correspondence from David J. Bodney to Roger Hall dated December 9, 2005.

Exhibit D: E-mail correspondence between Roger W. Hall and David J. Bodney dated December 14, 2005.

Exhibit E: Plaintiff/Counterdefendants' Response to Defendant/Counterclaimant Regan Media's First Request for Production of Documents from Counterdefendants. (w/o attachments)

# EXHIBIT A

STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

David J. Bodney (006065)
Dennis K. Blackhurst (021678)
Attorneys for Defendants/Counterclaimants
Regan Media, Inc. and Judith Regan

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON, | No. CV 05-0854 PHX EHC |
| Plaintiff, | |
| vs. | **DEFENDANT/ COUNTERCLAIMANT REGAN MEDIA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM COUNTERDEFENDANTS** |
| "REGAN MEDIA," and JUDITH REGAN, an individual, | |
| Defendants. | |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual, | (Assigned to the Honorable Earl H. Carroll) |
| Defendants/Counterclaimants, | |
| vs. | |
| JENNA MASSOLI p/k/a JENNA JAMESON, an individual, | |
| Plaintiff/Counterdefendant, | |
| and | |
| JAY GRDINA, an individual, and DOLCE AMORE, INC., a Colorado corporation, | |
| Counterdefendants. | |

1     Pursuant to Fed. R. Civ. P. 34, Defendant/Counterclaimant Regan Media, Inc.
2   requests that Plaintiff/Counterdefendants Jenna Massoli p/k/a Jenna Jameson, Jay Grdina
3   and Dolce Amore, Inc. produce for inspection and copying, within thirty (30) days of the
4   date hereof, and in accordance with the definitions and instructions below, the documents
5   and things described, at the offices of Steptoe & Johnson LLP, 201 East Washington
6   Street, Phoenix, Arizona 85004.

7                                   **Definitions**

8       1.    The term "communications" means any provision, receipt or exchange of
9    any information, in any manner or form (including any oral, telephonic, written, electronic
10   or other means of communication).

11      2.    The term "including" means including, but not limited to.

12      3.    The term "relating to" includes, without limitation, the concepts of referring
13   to, describing, mentioning, discussing, dealing with, analyzing, recording or constituting,
14   as appropriate.

15      4.    The terms "you," "your" and "yours" mean you, Jenna Massoli p/k/a Jenna
16   Jameson, Jay Grdina and Dolce Amore, Inc., and any other person acting on your behalf.

17      5.    The term "Regan" means Judith Regan and any other person acting on her
18   behalf.

19      6.    The term "Regan Media" means Regan Media, Inc. and any other person
20   acting on its behalf.

21      7.    The term "Jameson" means Jenna Massoli p/k/a Jenna Jameson and any
22   other person acting on her behalf, including, without limitation, Linda Johnson or any
23   other personal assistant of Jameson.

24      8.    The term "Grdina" means Jay Grdina and any other person acting on his
25   behalf.

26

2

9. The term "Dolce Amore" means Dolce Amore, Inc. and any other person acting on its behalf.

10. The term "A&E" means A&E Television Networks and any other person acting on its behalf.

11. The term the "A&E Contract" refers to the Television Reality Series / Project Production Agreement between A&E and Dolce Amore entered into in or about January 2005 relating to a potential television program featuring Jameson.

12. The term "document" means any and all papers, writings, recordings, and graphic materials of every kind and description, in the possession, custody or control of you and your investigators, agents, employees, and other representatives of you and your attorneys, including, but not limited to, all written, recorded and graphic matter of every type and description, contracts, receipts, purchase orders, canceled checks, drafts, invoices, statements, memoranda, corporate minutes, bulletins, intra- and interoffice communications, statements, drafts, books of account, worksheets, desk diaries, appointment books, expense accounts, recordings, notes of conversations, notes of meetings and conferences, telegraphic communications, telephone messages, telephone logs, stock certificates, pamphlets, schedules, studies, books, computer printouts, reports, photographs, maps, charts, photographic records, tapes, video recordings, and any other device or medium on or through which information of any type is transmitted, recorded or preserved. The term "document" also includes electronic, magnetic or machine readable media, information on such media, and computer-stored information including original computer files wherever stored (including laptops and personal or home PC's), spreadsheets or database files, e-mail messages, floppy disks, tape backups or archived files, restored data or undelete (recovered) files, computerized data, electronically recorded information, voice mail messages and files, backup voice mail files, e-mail messages and files, backup e-mail files, data files, backup and archival tapes, temporary

3

files, and other electronically recorded information. Electronic mail or e-mail messages are included in the term "document" even if only available on backup or archive tapes or disks. The term "document" also means every copy of a document where such copy is not an identical duplicate of the original.

## Instructions

1. In providing the documents responsive to these requests, you must furnish all documents available to you, regardless of whether these documents are possessed directly by you, or by your attorney, employees, agents, investigators or other representatives.

2. If any responsive document was, but no longer is, available to you or within your possession custody or control, identify the document (stating its date, author, subject, recipient, custodian and specific location); explain the circumstances by which the document ceased to be available to you; and identify (stating the person's name, employer, title, last known business address and telephone number and last known home address and telephone number) all persons known or believed to have the document or copy of the document in their possession, custody or control.

3. If any responsive documents cannot be produced in full, produce to the extent possible, and specify the reasons for your inability to produce the remainder stating whatever information, knowledge or belief you have concerning the substance of the contents of the unproduced documents.

4. The singular form of any word shall include the plural, and the masculine form of any word shall include the feminine. The words "and" and "or" shall be construed both conjunctively and disjunctively. The terms "any" and "all" shall both be construed to mean any and all.

4

1   5.    Unless otherwise stated, the time frame relevant to the Requests is
2   September 2003 to the present.

3   6.    To the extent that any category of document requested herein is deemed
4   objectionable, you are requested to comply to the extent that such category is not deemed
5   objectionable. If you withhold from production any document on the grounds that it is
6   protected by privilege, please furnish the following information: the date of the document;
7   names and titles of the persons who created the document; addressees and/or recipients of
8   the document, whether intended or unintended; persons who received, reviewed or were
9   shown copies of the document; title of the file in which the document was contained; name
10  of the person who prepared and maintained the file; subject of the document; the nature
11  and basis of the privilege claimed; and the request for production to which the document is
12  responsive.

13  7.    These requests are intended to be continuing, requiring you to produce
14  whatever documents responsive to this request that you may subsequently become aware
15  of or obtain.

16                          **Requests for Production**

17  1.    All documents reflecting, identifying or relating to any amounts of money or
18  other compensation received by Jameson, Grdina or Dolce Amore in connection with the
19  A&E Contract.
20

21  2.    All documents relating to any communications between any of the
22  Counterdefendants, on the one hand, and A&E, on the other, relating to the Agreement,
23  the A&E Contract or any proposed television program featuring Jameson.
24

25  3.    All documents relating to any communications between any of the
26  Counterdefendants, on the one hand, and any of the Counterclaimants, on the other,

5

relating to the Agreement, the A&E Contract or any proposed television program featuring Jameson.

4.     All drafts, notes or other documents relating to the negotiation of the A&E Contract, or any documents executed in connection with the A&E Contract.

5.     All documents relating to communications between any of the Counterdefendants, on the one hand, and VH1, on the other, relating to the one-hour special featuring Jameson broadcast by VH1 on or about August 16, 2004, including, without limitation, any videotape, digital images or other photographic depictions of or relating to that VH1 feature.

6.     All documents relating to the relationship between Jameson and Dolce Amore, including, without limitation, the "Exclusive Acting Services Agreement" between Jameson and Dolce Amore as referenced in the A&E Contract.

7.     All documents reflecting, identifying or relating to any amounts of money or other compensation received by Jameson from Dolce Amore from its incorporation to the present.

8.     All documents relating to the relationship between Grdina and Dolce Amore.

9.     All documents reflecting, identifying or relating to any amounts of money or other compensation received by Grdina from Dolce Amore from its incorporation to the present.

6

10.    All documents relating to the organizational structure of Dolce Amore, including, without limitation, any documents reflecting the incorporation, ownership, officers and directors of Dolce Amore.

11.    Tax returns filed on behalf of Dolce Amore from its incorporation to the present.

12.    All documents relating to Dolce Amore's bank accounts from its incorporation to the present, including, without limitation, monthly and annual account statements, summaries of account activity, deposit slips and canceled checks.

13.    All books, records and documents relating to the financial condition of Dolce Amore for the fiscal years 2003 to the present, including, without limitation:

      a.    financial statements;

      b.    journals (or other books of original entry) and ledgers, including cash receipts journals, cash disbursements journals, sales journals, general journals, general ledgers, trial balance sheets and supporting workpapers;

      c.    charts of accounts with a description of each account;

      d.    general correspondence and administrative files;

      e.    a list of all bank accounts, including names of banks, account numbers and addresses;

      f.    stock ownership records, including the name and address of the registrar and transfer agent;

7

g.    charts, graphs and other documents showing the organizational relationship between, or ownership of, Dolce Amore and its parent, subsidiary and affiliate companies; and

h.    documents relating to transactions between Dolce Amore and its officers, directors and affiliates, including documents showing direct and indirect compensation, remuneration, dividends, bonuses, interest, profits and employment contracts.

14.    All minutes of meetings of the board of directors, executive committee or stockholders of Dolce Amore from its incorporation to the present, including, without limitation, all data used or presented and notes taken at those meetings.

15.    All annual and interim reports to shareholders of Dolce Amore from its incorporation to the present.

16.    All documents relating to web log, journal or other postings on any website owned or controlled by Jameson, Dolce Amore, Jennasis Entertainment, Inc. or any other entity in which Jameson owns any interest, relating to the Agreement, the A&E Contract or the one-hour VH1 special, or containing any reference to a reality television series involving Jameson.

17.    Any videotape, digital images or other photographic depiction of or relating to the pilot created or other preliminary filming or footage taken in connection with the A&E Contract.

8

18.     All documents relating to any efforts by Counterdefendants, or any of them acting solely or in concert with one another, to market a potential reality-based television program featuring Jameson or Grdina.

19.     All documents relating to any communications between any of the Counterdefendants, on the one hand, and any media outlet, on the other, relating to an actual or potential television program featuring Jameson or Grdina.

20.     All documents referring to Regan or Regan Media and relating to a potential reality-based television program featuring Jameson or a potential one-hour special featuring Jameson.

21.     All documents relating to, supporting, identified in or referred to in drafting your response to Defendants/Counterclaimants' First Set of Interrogatories.

DATED this 4th day of November, 2005.

STEPTOE & JOHNSON LLP

By_____
David J. Bodney
Dennis K. Blackhurst
Collier Center
201 East Washington Street
Suite 1600
Phoenix, Arizona 85004-2382

Attorneys for Defendants/
Counterclaimants Regan Media, Inc. and
Judith Regan

9

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 4th, 2005, a copy of the foregoing DEFENDANT/COUNTERCLAIMANT REGAN MEDIA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM COUNTERDEFENDANTS was served on the parties by hand delivery to:

> James L. Blair
> Renaud Cook Drury Mesaros, PA
> Phelps Dodge Tower
> One North Central, Suite 900
> Phoenix, AZ 85004-4417

And by mail to:

> Bernard M. Brodsky, Esq.
> Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
> 42 Delaware Avenue, Suite 300
> Buffalo, NY 14202-3857

> *Attorneys for Plaintiff/Counterdefendant and*
> *Counterdefendants*

Lisa H. Morgan

10

# EXHIBIT B

1   James L. Blair, #016125
    Roger W. Hall, #013727
2   RENAUD COOK DRURY MESAROS, PA
    Phelps Dodge Tower
3   One North Central, Suite 900
    Phoenix, Arizona 85004-4417
4   (602) 307-9900
    jblair@rcdmlaw.com
5   rhall@rcdmlaw.com
    *Attorneys for Plaintiff/Counterdefendants*

6
                    **UNITED STATES DISTRICT COURT**
7
                        **DISTRICT OF ARIZONA**
8
    JENNA MASSOLI p/k/a JENNA JAMESON,        |
9                                              |          CV 05-0854 PHX EHC
                            Plaintiff,         |
10                                             |
    v.                                         |          **DEFENDANT/**
11                                             |   **COUNTERCLAIMANT REGAN**
    "REGAN MEDIA," JUDITH REGAN, as an         |     **MEDIA'S FIRST SET OF**
12  individual,                                |       **INTERROGATORIES TO**
                                               |        **COUNTERDEFENDANTS**
13                          Defendant.         |
                                               |     **AND RESPONSES THERETO**
14  ──────────────────────────────────────────┤
                                               |      *(Assigned to the Honorable*
15  REGAN MEDIA, INC., a New York              |           *Earl H. Carroll)*
    corporation, and JUDITH REGAN, an          |
16  individual,                                |
                                               |
17              Defendants/Counterclaimants,   |
                                               |
18  v.                                         |
                                               |
19  JENNA MASSOLI, p/k/a JENNA JAMESON,        |
    an individual,                             |
20                                             |
                Plaintiff/Counterdefendant,    |
21                                             |
    and                                        |
22                                             |
    JAY GRDINA, an individual,                 |
23                                             |
            Third-Party Counterdefendant,      |
24                                             |
    and                                        |
25                                             |
    DOLCE AMORE, INC., a Colorado              |
26  corporation,                               |
                                               |
                Counterdefendant.              |

## DEFINITIONS AND INSTRUCTIONS

2      1.     The word "document" as used herein means any written, printed, typed or

3 other graphic matter of any kind or nature, however, produced or reproduced, whether or not

4 sent or received, private or confidential, wherever located, including drafts and copies

5 bearing notations or marks not found on the original and includes, but is not limited to, all

6 memoranda, inter-office communications, electronic mail ("e-mails"), invoices, reports,

7 financial reports, balance sheets, profit and loss statements, tax returns, notes, transcripts,

8 letters, envelopes, telegrams, cables, telex messages, messages (including reports, notes,

9 notations, sound recordings of any type and memoranda of or relating to telephone

10 conversations, telegrams, messages, conversations and any oral communication),

11 tabulations, studies, analyses, evaluations, projections, accounts, work papers, statements,

12 summaries, opinions, ledgers, journals, statistical records, desk calendars, appointment

13 books, diaries, lists, comparisons, questionnaires, drawings, surveys, charts, graphs, books

14 articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals,

15 minutes or transcriptions of meetings, contracts, licenses, agreements, vouchers, bank

16 checks, charge slips, expense account reports, hotel charges, receipts, witness statements

17 recorded or memorialized in any form, memoranda of witness interviews recorded or

18 memorialized in any form, written communications of any type, microfilms, punch cards,

19 magnetic tapes, disks, data cells, drums, printouts and other data compilations from which

20 information can be obtained (translated, if necessary, into the English language or through

21 detection devices into usable form), and any and all tangible matters of whatever

22 description.

23      2.     The word "communication' as used herein means any transmittal and/or

24 receipt of information, whether such was oral or written, by chance o r prearranged, formal

25 or informal, and specifically includes conversations in person, telephone conversations,

26 ///

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 2)                                 @PFDesktop\ ODMA\MHODMA\IMANAGE,RCD_PHX,317242,1

1  telegraphs, letters or memoranda, telex, teletype, electronic mail ("e-mail"), facsimile,

2  formal statements, press releases, and newspaper stories.

3      3.    The word "identify," when used to request a recitation of the facts that support

4  or relate to a question, proposition, contention or assertion requires the disclosure of (1)

5  each person with knowledge of such facts and the precise facts of which you believe such

6  person to have knowledge; (2) each document relating or referring to such facts; (3) any

7  application of law to fact that you contend relates to the question propounded ; (4) any

8  evidence that relates to the question propounded, and (5) all facts in your knowledge relating

9  to the question propounded.  The term "identify" as to persons means to give such

10  information as you have to enable one to locate and contact the individual.  The term

11  "identify" as to documents or things means to give such information as you have to enable

12  one to locate the document or thing and to distinguish it from other documents or things.

13      4.    The term "Jameson" means Jenna Massoli p/k/a Jenna Jameson and any other

14  person acting on her behalf, including, without limitation, Linda Johnson or any other

15  personal assistant of Jameson.

16      5.    The term "Grdina" means Jay Grdina and any other person acting on his

17  behalf.

18      6.    The term "Dolce Amore" means Dolce Amore, Inc. and any other person

19  acting on its behalf.

20      7.    The term "Regan Media" means Regan Media, Inc. and any other person

21  acting on its behalf.

22      8.    The term "Regan" means Judith Regan and any other person acting on her

23  behalf.

24      9.    The term the "Agreement" means the April 1, 2004 Agreement between

25  Regan Media and Jameson.

26  ///

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 3)

@PFDesktop\:ODMA\MHODMA\IMANAGE,RCD_PHX,317242,1

1    10.    The term "A&E" means the A&E Television Networks and any other person

2    acting on its behalf.

3    11.    The term the "A&E Contract" refers to the Television Reality Series/Project

4    Production Agreement between A&E and Dolce Amore entered into in or about January

5    2005 relating to a potential television program featuring Jameson.

6    12.    The terms "you," "your" or "yours" as used herein means Jameson, Grdina

7    and/or Dolce Amore, as well as predecessors, successors, parents, subsidiaries, divisions,

8    affiliates, operating units, controlling persons, controlled persons, officers, directors,

9    partners, employees and representatives or agents.

10                                **INSTRUCTIONS**

11    1.    The interrogatories propounded herein, under the law, are not limited to your

12    own personal and present knowledge, although in form they may appear to be so limited.

13    They also refer to and require response concerning the present knowledge of your attorneys,

14    investigators and other agents, and for information available to you and to them.

15    2.    Where identification of a document is requested, please set forth the identity

16    of its author or originator, the date of such authorship or origination, the identify of each

17    person to whom the original or copy was addressed or delivered, the identify of each person

18    known or reasonably believed to presently have possession, custody, or control thereof, and

19    a brief description of the subject matter thereof.

20    3.    Where identification of a person is requested, please set forth the person's

21    name, title, last known home and business address and telephone numbers, and relationship

22    to you or Regan or Regan Media, if any.

23    4.    Where identification of a communication is requested, please identify the

24    person(s) making and receiving the communication, the date on which the communication

25    was made, the content of the communication, and whether the communication was in

26    writing.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

## INTERROGATORIES

1.   Identify all amounts of money or other compensation received by Jameson, Grdina or Dolce Amore in connection with the A&E Contract, and dates of payment.

**ANSWER: $150,000 was paid to Dolce Amore in February 2005.**

2.   Identify all amounts of money or other compensation received by Jameson from 2003 to the present under the "Exclusive Acting Services Agreement" between Jameson and Dolce Amore as referenced in the A&E Contract.

**ANSWER:  Will supplement.**

3.   Identify all officers, directors and shareholders of Dolce Amore from 2003 to the present, including the address, title and ownership interest of each officer, director and shareholder.

**ANSWER:**   **John G. Grdina**
**16444 N. 91st Street, Suite 100**
**Scottsdale, AZ 85265**

**Director**
**President and Treasurer**
**50% shareholder**

**Jenna Massoli**
**16444 N. 91st Street, Suite 100**
**Scottsdale, AZ 85265**

**Director**
**Vice President and Secretary**
**50% shareholder**

4.   Identify all persons with knowledge of communications between any of the Counterdefendants and any media outlet relating to a potential reality-based television program featuring Jameson or Grdina.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 5)                                              @PFDesktop\:ODMA\MHODMA\IMANAGE,RCD_PHX;317242,1

1   **ANSWER: Objection. This interrogatory is vague and unintelligible. Without**

2   **waiving the objection, plaintiff Jenna Massoli p/k/a Jenna Jameson and**

3   **counterdefendants Jay Grdina and Dolce Amore, Inc. (collectively,**

4   **"Plaintiffs") state that all persons with such knowledge were identified in**

5   **Section A of Plaintiffs' Initial Rule 26(a) Disclosure Statement.**

6

7      5.   Identify all persons with information relating to the negotiation, drafting and

8   execution of the Agreement.

9   **ANSWER: Objection. This Interrogatory is vague as to time. Prior to the**

10   **execution of the Agreement, there were no negotiations regarding the**

11   **Agreement. Upon information and belief, the Agreement was drafted solely**

12   **by Regan Media and/or Judith Regan. Plaintiff Jenna Massoli had no role in**

13   **drafting the Agreement. The Agreement was executed by Jenna Massoli and**

14   **Judith Regan.**

15

16      6.   Identify all persons with information relating to the negotiation, drafting and

17   execution of the A&E Contract.

18   **ANSWER: Objection. This interrogatory calls for speculation. Without**

19   **waiving the objection, persons who are responsive to this Interrogatory were**

20   **previously disclosed in Section A of Plaintiffs' Initial Rule 26(a) Disclosure**

21   **Statement.**

22      **The A&E Contract was negotiated and drafted on behalf of Dolce Amore**

23   **by Gary L. Crandell, Esq. with the assistance of John G. Grdina. Charles**

24   **Wright, General Counsel for A&E, is the only person with whom Dolce Amore**

25   **had direct contact regarding the negotiations. There may have been persons**

26   **employed by or acting on behalf of A&E who have knowledge or information**

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 6)                                 @PFDesktop\-ODMA\MHODMA\IMANAGE;RCD_PHX;317242;1

1 regarding the negotiation or drafting of the A&E Contract with whom neither
2 Dolce Amore nor its attorney have had any direct contact.

3      In addition to the persons identified in Plaintiffs Initial Rule 26 (a)
4 Disclosure Statement, Anne S. Atkinson, Senior Vice President & General
5 Counsel, A&E Television Networks, has knowledge of the execution of the
6 A&E Contract. Susan Oman Gross, Esq., Sean Perry, and Catherine Sugar of
7 Endeavor Talent Agency, 9601 Wilshire Boulevard, 3rd Floor, Beverly Hills,
8 California 90210 (310) 248-1000, also have information regarding the
9 execution of the A&E Contract.

10

11      7.     Identify all persons with information relating to any of the Counterdefendants'
12 efforts to locate a television network or other media outlet to produce a potential reality-
13 based television program featuring Jameson.
14 **ANSWER: All persons with such knowledge were identified in Section A of**
15 **Plaintiffs' Initial Rule 26(a) Disclosure Statement and the response to**
16 **Interrogatory No. 6, above.**

17

18      8.     Identify any television network or other media outlet with whom any of the
19 Counterdefendants communicated relating to a potential reality-based television program
20 featuring Jameson.
21 **ANSWER: A&E.**

22

23      9.     Identify all documents relating to any of the Counterdefendants' efforts to
24 locate a television network or other media outlet to produce a potential reality-based
25 television program featuring Jameson.

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

@PFDesktop\.ODMA/MHODMA/IMANAGE,RCD_PHX,317242,1

1  **ANSWER:  All documents that Plaintiffs have been able to locate that are**
2  **responsive to this interrogatory were identified in Section B of Plaintiffs'**
3  **Initial Rule 26(a) Disclosure Statement.**

4

5      10.     State whether filming of a pilot or other preliminary filming occurred in
6  connection with the A&E Contract.  If such filming occurred, describe the extent of such
7  filming.

8  **ANSWER:  Yes, the filming of the pilot program was completed.**

9

10     11.     Do you contend that the Agreement "pertained solely to a prospective
11 television show with Fox Studios," as stated on page 6 of the Complaint for Declaratory
12 Relief?

13 **ANSWER:  No.  Plaintiffs contend that the Agreement was prepared by Regan**
14 **Media for the sole purpose of obtaining compensation for services rendered**
15 **in connection with the pitching of a reality based television series to the FOX**
16 **Network and a one hour special regarding plaintiff Jenna Massoli's**
17 **autobiography, "How to Make Love Like a Porn Star; A Cautionary Tale" to**
18 **VH1.  Plaintiffs further contend that the Agreement was not intended to confer**
19 **any right or authority on Regan Media to pitch any reality television series to**
20 **A&E.**

21

22     12.     Do you contend that Jameson did not personally participate in the negotiation
23 of the A&E Contract?  If your answer is anything other than an unqualified "yes," describe
24 in detail the extent of Jameson's participation in the negotiation of the A&E Contract.

25 **ANSWER:  Yes.**

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 8)                                    @PFDesktop\:.ODMA\MHODMA\IMANAGE;RCD_PHX;317242;1

Case 2:05-cv-00854-EHC     Document 79-2     Filed 02/17/2006     Page 21 of 44

1     13.    Do you contend that Grdina was unaware of the existence or terms of the

2     Agreement when the A&E Contract was executed?

3     **ANSWER: No.**

4

5     14.    Do you contend that Dolce Amore was unaware of the existence or terms of

6     the Agreement when the A&E Contract was executed?

7     **ANSWER: No.**

8

9     15.    Identify the date, location and attendee of every meeting of the board of

10    directors, executive committee or shareholders of Dolce Amore.

11    **ANSWER: Objection. This interrogatory is overbroad and unduly**

12    **burdensome. Without waiving the objection, Plaintiffs state that Dolce Amore**

13    **is a closely held, private corporation whose sole directors and shareholders**

14    **are, and have always been, John G. Grdina and Jenna Massoli. Informal**

15    **meetings and discussions regarding the business affairs and operation of**

16    **Dolce Amore occur between John Grdina and Jenna Massoli almost daily. No**

17    **formal minutes are kept.**

18

19    16.    Identify all documents relating to the drafting, negotiation or execution of the

20    Agreement.

21    **ANSWER: Objection. This interrogatory is vague, confusing, and**

22    **unintelligible   Without waiving the objection, Plaintiffs state that no**

23    **documents exist regarding the Agreement other than the Agreement itself and**

24    **a fax transmittal cover sheet from Jason Puris.**

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 9)                                                    @PFDesktop\ ODMA/MHODMA/IMANAGE,RCD_PHX;317242;1

1  17.  Identify all documents relating to the drafting, negotiation or execution of the
2  A&E Contract.

3  **ANSWER: Objection. This interrogatory is vague, confusing, and**
4  **unintelligible. Without waiving the objection, Plaintiffs state that there were**
5  **several drafts of the A&E Contract commencing with a "Draft – For**
6  **Discussion Only" dated November 18, 2004. Drafts and revised drafts of the**
7  **A&E contracts are attached.**

8

9  18.  Identify all corporation, limited liability companies or other entities in which
10  Jameson or Grdina owns any interest.

11  **ANSWER: Objection. The request is overbroad, and requests privileged**
12  **and/or confidential information not calculated to lead to admissible evidence.**
13  **Without waiving the objection, Grdina and Massoli state that one or both of**
14  **them has an ownership interest in all of the following entities:**

15

16  **Club Jenna, Inc., a Colorado corporation;**
   **Jennasis Entertainment, Inc., a California corporation;**
17  **Dolce Amore, Inc., a Colorado corporation;**
   **eNRG, LLC, a Colorado limited liability company;**
18  **Y-Tel Wireless, LLC, a Colorado limited liability company;**

19

20  20.[sic]  Identify any periods of time since its incorporation when Dolce Amore
21  was dormant, unregistered or otherwise not in good standing as a corporation, and the reason
22  for such change in corporate status.

23

24

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-9855

(Page 10)

@PFDesktop\:ODMA/MHODMA/IMANAGE;RCD_PHX;317242;1

1    **ANSWER: None, except that Dolce Amore was administratively dissolved by**

2    **the State of Colorado on May 1, 2003 for failure to timely file an annual report.**

3    **The default was cured and the corporation reinstated on May 12, 2003.**

4    DATED this 5th day of December, 2005.

5                                    RENAUD COOK DRURY MESAROS, PA

6

7    By: _____

8                                    James L. Blair
                                     Roger W. Hall
                                     Phelps Dodge Tower
9                                    One North Central, Suite 900
                                     Phoenix, AZ 85004-4417
10                                   *Attorneys for Plaintiff/Counterdefendants*

11   ORIGINAL and ONE COPY of
     the foregoing mailed this 5th
12   day of December, 2005, to:

13   David J. Bodney, Esq.
     Dennis K. Blackhurst, Esq.
14   STEPTOE & JOHNSON, LLP
     Collier Center
15   201 East Washington Street, Ste 1600
     Phoenix, AZ 85004-2382
16   *Attorneys for Defendants/Counterclaimants*

17

18   _____

19

20   @PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;317242;1

21

22

23

24

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-9855

(Page 11)                                              @PFDesktop\·ODMA/MHODMA/IMANAGE,RCD_PHX;317242;1

Case 2:05-cv-00854-EHC     Document 79-2     Filed 02/17/2006     Page 24 of 44

# EXHIBIT C

# STEPTOE & JOHNSON ⁓

ATTORNEYS AT LAW

David J. Bodney
Tel 602.257.5212
Fax 602.452.0910
dbodney@steptoe.com

Collier Center
201 East Washington Street
Suite 1600
Phoenix, AZ 85004-2382
Tel 602.257.5200
Fax 602.257.5299
steptoe.com

December 9, 2005

VIA FACSIMILE
AND U.S. MAIL

Roger William Hall
Renaud Cook Drury Mesaros PA
Phelps Dodge Tower
1 N Central Ave, Ste 900
Phoenix, AZ 85004-4418

Re: Regan Media, Inc. AND Judith Regan / Jenna Massoli p/k/a Jenna Jameson (D. Ariz., No. CV 05-0854 PHX EHC)

Dear Roger:

I write to secure new deposition dates for your clients -- Jenna Jameson, Jay Grdina and Dolce Amore, Inc. -- and address related discovery issues in the above matter. Because the original dates that we proposed for the depositions last month were inconvenient for your clients, you and I have discussed re-scheduling them for late January or early February 2006 and stipulating to extend the expert disclosure deadline.

As we discussed by telephone this morning, I suggest we proceed with the depositions on the following dates: Jenna Jameson, Tuesday, January 31, 2006 at 9:00 a.m.; and Jay Grdina, Thursday, February 2, 2006 at 9:00 a.m. As you have confirmed, Mr. Grdina will be testifying in both his individual capacity and as the Rule 30(b)(6) representative of Dolce Amore, Inc. Please confirm your clients' availability on these dates, and I shall send you formal deposition notices.

Under the Court's June 21, 2005 Scheduling Order, the parties are required to disclose expert witnesses and final expert reports on or before January 27, 2006. In light of the proposed deposition dates, I believe you previously offered to prepare a stipulation to modify the Scheduling Order. I suggest we stipulate to an extension of the expert disclosure deadline of approximately 60 days -- to March 27, 2006.

Roger Hall
December 9, 2005
Page 2

Last Wednesday, December 7, we received your clients' unsigned responses to Regan Media's First Set of Interrogatories. As you know, Rule 33(b)(2) requires that your clients' answers "be signed by the person making them." Accordingly, we request that you obtain the signature of your clients verifying these responses.

Finally, this will confirm our agreement to extend the deadline for your clients to respond to Defendants' Request for Production of Documents. I understand that you expect to have the documents next Monday, December 12, and hope you can produce copies for me at that time. If they are not available for production on December 12, please let me know when we can expect them.

Of course, if you have any questions or concerns about the foregoing, or I have misstated our conversations in any way, please call.

Very truly yours,

David J. Bodney

DJB:beg

# EXHIBIT D

**From:** Bodney, David
**Sent:** Wednesday, December 14, 2005 3:16 PM
**To:** 'Roger Hall'
**Subject:** RE: Deposition dates

Roger:

In deference to your clients' Super Bowl-related plans, we can push their depositions to Feb. 14 and 16. (My schedule for the week of Feb. 6 would make depositions difficult then.) I cannot stipulate, however, to any further continuances of these depositions.

If these dates are acceptable, as I trust they will be, please let me know, and I shall prepare formal notices. As we previously discussed, will you please draft a suitable stipulation with respect to the change in expert disclosure deadline, occasioned by your clients' needs to postpone this deposition discovery?

I note, too, that we still have not received your clients documents. When can we expect them? (You indicated that you expected to have them in hand last Monday.) Please let me know -- I would prefer to avoid filing a motion to compel their production.

Thanks.

David

This confidential communication is intended only for the listed recipient(s) above, and may contain legally privileged information. If you are not a listed recipient, please refrain from reading the accompanying electronic communication, and from copying, forwarding or otherwise distributing this confidential communication to anyone. Please contact me immediately if you have received this communication in error. Thank you.

David J. Bodney
Steptoe & Johnson LLP
201 E. Washington St.
16th Floor
Phoenix, AZ USA 85004-2382

602.257.5212 (phone)
602.257.5299 (fax)
602.315.1547 (cell phone)
dbodney@steptoe.com (email)

## STEPTOE & JOHNSON LLP

Washington DC • Phoenix • Los Angeles • New York • London • Brussels

-----Original Message-----
**From:** Roger Hall [mailto:RHall@rcdmlaw.com]
**Sent:** Wednesday, December 14, 2005 9:57 AM
**To:** Bodney, David
**Subject:** Deposition dates

Hi David,

I heard back from Jenna and Jay regarding the proposed depo dates. Unfortunately, those dates flank Super Bowl Sunday, and they have numerous commitments already scheduled in Detroit in conjunction with the game. What is your availability the following week?

- Roger
Roger W. Hall
RENAUD COOK DRURY MESAROS, PA
Phelps Dodge Tower
One North Central Avenue, Suite 900
Phoenix, AZ  85004
Telphone:  (602) 256-3056
Fax - main:  (602) 307-5853
Fax - direct:  (602) 262-3256

NOTICE OF CONFIDENTIALITY: This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any use, dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or by telephone (noted above), and permanently delete the original and any copy of any e-mail and any printout thereof. Thank you for your cooperation with respect to this matter.

# EXHIBIT E

James L. Blair, #016125
Roger W. Hall, #013727
RENAUD COOK DRURY MESAROS, PA
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, Arizona 85004-4417
(602) 307-9900
jblair@rcdmlaw.com
rhall@rcdmlaw.com
*Attorneys for Plaintiff/Counterdefendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON, | CV 05-0854 PHX EHC |
| Plaintiff, | |
| v. | **RESPONSES TO DEFENDANT/ COUNTERCLAIMANT REGAN MEDIA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM COUNTERDEFENDANTS** |
| "REGAN MEDIA," JUDITH REGAN, as an individual, | |
| Defendant. | *(Assigned to the Honorable Earl H. Carroll)* |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual, | |
| Defendants/Counterclaimants, | |
| v. | |
| JENNA MASSOLI, p/k/a JENNA JAMESON, an individual, | |
| Plaintiff/Counterdefendant, | |
| and | |
| JAY GRDINA, an individual, | |
| Third-Party Counterdefendant. | |

///

///

///

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

Case 2:05-cv-00854-EHC    Document 79-2    Filed 02/17/2006    Page 32 of 44
(Page 1)    @PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;317250;1

## Definitions

1.    The term "communications' means any provision, receipt or exchange of any information, in any manner or form (including any oral, telephonic, written, electronic or other means of communication).

2.    The term "including" means including, but not limited to.

3.    The term "relating to" includes, without limitation, the concepts of referring to, describing, mentioning, discussing, dealing with, analyzing, recording or constituting, as appropriate.

4.    The terms "you," "your' and "yours" mean you, Jenna Massoli p/k/a Jenna Jameson, Jay Grdina and Dolce Amore, Inc., and any other person acting on your behalf.

5.    The term "Regan" means Judith Regan and any other person acting on her behalf.

6.    The term "Regan Media" means Regan Media, Inc. and any other person acting on its behalf.

7.    The term "Jameson" means Jenna Massoli p/k/a Jenna Jameson and any other person acting on her behalf, including, without limitation, Linda Johnson or any other personal assistant of Jameson.

8.    The term "Grdina" means Jay Grdina and any other person acting on his behalf.

9.    The term "Dolce Amore" means Dolce Amore, Inc. and any other person acting on its behalf.

10.    The term "A&E" means A&E Television Networks and any other person acting on its behalf.

11.    The term the "A&E Contract" refers to the Television Reality Series/Project Production Agreement between A&E and Dolce Amore entered into in or about January

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

@PFDesktop\:ODMA/MHODMA/IMANAGE;RCD_PHX;317250;1

1    2005 relating to a potential television program featuring Jameson.

2        12.     The term "document" means any and all papers, writings, recordings, and

3 graphic materials of every kind and description, in the possession, custody or control of you

4 and your investigators, agents, employees, and other representatives of you and your

5 attorneys, including, but not limited to, all written recorded and graphic matter of every type

6 and description, contracts, receipts, purchase orders, canceled checks, drafts, invoices,

7 statements, memoranda, corporate minutes, bulletins, intra- and interoffice communications,

8 statements, drafts, books of account, worksheets, desk diaries, appointment books, expense

9 accounts, recordings, notes of conversations, notes of meetings and conferences, telegraphic

10 communications, telephone messages, telephone logs, stock certificates pamphlets,

11 schedules, studies, books, computer printouts, reports, photographs, maps, charts,

12 photographic records, tapes, video recordings, and any other device or medium on or

13 through which information of any type is transmitted, recorded or preserved. The term

14 "document" also includes electronic, magnetic or machine readable media, information on

15 such media, and computer-stored information including original computer files wherever

16 stored (including laptops and personal or home PC's), spreadsheets or database files, e-mail

17 messages, floppy disks, tape backups or archived files, restored data or undelete (recovered)

18 files, computerized data, electronically recorded information, voice mail messages and files,

19 backup voice mail files, e-mail messages and files, backup e-mail files, data files, backup

20 and archival tapes, temporary files, and other electronically recorded information.

21 Electronic mail or e-mail messages are included in the term "document' even if only

22 available on backup or archive tapes or disks. The term "document" also means every copy

23 of a document where such copy is not an identical duplicate of the original.

24

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 3)

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;317250;1

## Instructions

1.     In providing the documents responsive to these requests, yo must furnish all documents available to you, regardless of whether these documents are possessed directly by you, or by your attorney, employees, agents, investigators or other representatives.

2.     If any responsive document was, but no longer is, available to you or within your possession, custody or control, identify the document (stating its date, author, subject, recipient, custodian and specific location); explain the circumstances by which the document ceased to be available to you; and identify (stating the person's name, employer, title, last known business address and telephone number and last known home address and telephone number) all persons known or believed to have the document or copy of the document in their possession, custody or control.

3.     If any responsive documents cannot be produced in full, produce to the extent possible, and specify the reasons for your inability to produce the remainder stating whatever information, knowledge or belief you have concerning the substance of the contents of the unproduced documents.

4.     The singular form of any word shall include the plural, and the masculine form of any word shall include the feminine. The words "and" and "or" shall be construed both conjunctively and disjunctively. The terms "Any" and "all" shall both be construed to mean any and all.

5.     Unless otherwise stated, the time frame relevant to the Requests is September 2003 to the present.

6.     To the extent that any category of document requested herein is deemed objectionable, you are requested to comply to the extent that such category is not deemed objectionable. If you withhold from production any document on the grounds that it is protected by privilege, please furnish the following information: the date of the document;

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

@PFDesktop\:·ODMA\MHODMA\IMANAGE;RCD_PHX;317250;1

1  names and titles of the persons who created the document; addresses and/or recipients of the

2  document, whether intended or unintended; persons who received, reviewed or were shown

3  copies of the document; title of the file in which the document was contained; name of the

4  person who prepared and maintained the file; subject of the document; the nature and basis

5  of the privilege claimed; and the request for production to which the document is

6  responsive.

7      7.      These requests are intended to be continuing, requiring you to produce

8  whatever documents responsive to this request that you may subsequently become aware of

9  or obtain.

10                          **Requests for Production**

11     1.      All documents reflecting, identifying or relating to any amounts of money or

12  other compensation received by Jameson, Grdina or Dolce Amore in connection with the

13  A&E Contract.

14  **RESPONSE: As set forth in Counterdefendants' response to Interrogatory No.**

15  **1, Dolce Amore received $150,000 from A&E in February 2005 pursuant to the**

16  **A&E Contract. Counterdefendants have been unable to locate a copy of that**

17  **check, and do not know that a copy was even made.**

18

19     2.      All documents relating to any communications between any of the

20  Counterdefendants, on the one hand, and A&E, on the other, relating to the Agreement, the

21  A&E Contract or any proposed television program featuring Jameson.

22  **RESPONSE: E-mails previously disclosed and produced, as well as those**

23  **attached to this document, are responsive to this Request.**

24

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 5)                                    @PFDesktop\:ODMA\MHODMA\IMANAGE,RCD_PHX;317250;1

1    3.    All documents relating to any communications between any of the

2    Counterdefendants, on the one hand, and any of the Counterclaimants, on the other, relating

3    to the Agreement, the A&E Contract or any proposed television program featuring Jameson.

4    **RESPONSE: E-mails previously disclosed and produced, as well as those**

5    **attached to this document, are responsive to this Request.**

6

7    4.    All drafts, notes or other documents relating to the negotiation of the A&E

8    Contract, or any documents executed in connection with the A&E Contract

9    **RESPONSE: All drafts relating to the A&E Contract were attached in**

10   **response to Interrogatory No. 17.**

11

12   5.    All documents relating to communications between any of the

13   Counterdefendants, on the one hand, and VH1, on the other, relating to the one-hour special

14   featuring Jameson broadcast by VH1 on or about August 16, 2004, including, without

15   limitation, any videotape, digital images or other photographic depictions of or relating to

16   that VH1 feature.

17   **RESPONSE: E-mails previously disclosed and produced, as well as those**

18   **attached to this document, are responsive to this Request.**

19

20   6.    All documents relating to the relationship between Jameson and Dolce Amore,

21   including, without limitation, the "Exclusive Acting Services Agreement" between Jameson

22   and Dolce Amore as referenced in the A&E Contract.

23   **OBJECTION: Overly broad. Massoli's relationship with Dolce Amore dates**

24   **back to Dolce Amore's incorporation in November 1999. Not everything**

25   **having to do with that relationship constitutes discoverable evidence, or**

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 6)                                        @PFDesktop\: ODMA\MHODMA\IMANAGE;RCD_PHX;317250;1

1  **constitutes evidence reasonably calculated to lead to discoverable evidence.**
2  **Without waiving that objection, however, Counterdefendants respond as**
3  **follows:  as of this date, and other than the Exclusive Acting Services**
4  **Agreement itself, Counterdefendants have been unable to locate any**
5  **documents that are responsive to this Request.**

6

7     7.     All documents reflecting, identifying or relating to any amounts of money or
8  other compensation received by Jameson from Dolce Amore from its incorporation to the
9  present.
10 **OBJECTION:  Overly broad.  Massoli's relationship with Dolce Amore dates**
11 **back to Dolce Amore's incorporation in November 1999.  Not all information**
12 **having to do with Massoli's compensation constitutes discoverable evidence,**
13 **or constitutes evidence reasonably calculated to lead to discoverable**
14 **evidence.  Without waiving that objection, however, Counterdefendants**
15 **respond as follows:  as of this date, Counterdefendants have been unable to**
16 **locate any documents that are responsive to this Request.**

17

18    8.     All documents relating to the relationship between Grdina and Dolce Amore.
19 **OBJECTION:  Overly broad. Grdina's relationship with Dolce Amore dates**
20 **back to Dolce Amore's incorporation in November 1999.  Not everything**
21 **having to do with that relationship constitutes discoverable evidence, or**
22 **constitutes evidence reasonably calculated to lead to discoverable evidence.**
23 **Without waiving that objection, however, Counterdefendants respond as**
24 **follows:  as of this date, Counterdefendants have been unable to locate any**
25 **documents that are responsive to this Request.**

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 7)

@PFDesktop\::ODMA\MHODMA\IMANAGE;RCD_PHX;317250;1

1     9.     All documents reflecting, identifying or relating to any amounts of money or

2  other compensation received by Grdina from Dolce Amore from its incorporation to the

3  present.

4  **OBJECTION: Overly broad. Grdina's relationship with Dolce Amore dates**

5  **back to Dolce Amore's incorporation in November 1999. Not all information**

6  **having to do with Grdina's compensation constitutes discoverable evidence,**

7  **or constitutes evidence reasonably calculated to lead to discoverable**

8  **evidence. Without waiving that objection, however, Counterdefendants**

9  **respond as follows: as of this date, Counterdefendants have been unable to**

10  **locate any documents that are responsive to this Request.**

11

12     10.    All documents relating to the organizational structure of Dolce Amore,

13  including, without limitation, any documents reflecting the incorporation, ownership,

14  officers and directors of Dolce Amore.

15  **RESPONSE: Documents relating to Dolce Amore's incorporation are**

16  **attached.**

17

18     11.    Tax returns filed on behalf of Dolce Amore from its incorporation to the

19  present.

20  **RESPONSE: Dolce Amore's federal tax returns from 2003 and 2002 are**

21  **attached.**

22

23

24

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-9855

(Page 8)                                    @PFDesktop\:ODMA/MHODMA/IMANAGE;RCD_PHX;317250;1

1      12.    All documents relating to Dolce Amore's bank accounts from its incorporation

2 to the present, including, without limitation, monthly and annual account statements,

3 summaries of account activity, deposit slips and canceled checks.

4 **OBJECTION: Overly broad. Dolce Amore has been in existence since**

5 **November 1999. Not all information having to do with Dolce Amore's**

6 **financial activities constitutes discoverable evidence, or constitutes evidence**

7 **reasonably calculated to lead to discoverable evidence. Without waiving that**

8 **objection, however, Counterdefendants respond as follows: as of this date,**

9 **Counterdefendants have been unable to locate any documents that are**

10 **responsive to this Request.**

11

12      13.    All books, records and documents relating to the financial condition of Dolce

13 Amore for the fiscal years 2003 to the present, including, without limitation:

14          a.     financial statements;

15          b.     journals (or other books of original entry) and ledgers, including cash

16                receipts journals, cash disbursements journals, sales journals, general

17                journals, general ledgers, trial balance sheets and supporting

18                workpapers;

19          c.     charts of accounts with a description of each account;

20          d.     general correspondence and administrative files;

21          e.     a list of all bank accounts, including names of banks, account numbers

22                and addresses;

23          f.     stock ownership records, including the name and address of the

24                registrar and transfer agent;

25          g.     charts, graphs and other documents showing the organizational

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

@PFDesktop\:ODMA/MHODMA/IMANAGE;RCD_PHX;317250.1

1                 relationship between, or ownership of, Dolce Amore and its parent,

2                 subsidiary and affiliate companies; and

3      h.     documents relating to transactions between Dolce Amore and its

4                 officers, directors and affiliates, including documents showing direct

5                 and indirect compensation, remuneration, dividends, bonuses, interest,

6                 profits and employment contracts.

7 **OBJECTION: Overly broad and unduly burdensome. Dolce Amore has been**

8 **in existence since November 1999. Not all information requested above**

9 **constitutes discoverable evidence, or constitutes evidence reasonably**

10 **calculated to lead to discoverable evidence. Without waiving that objection,**

11 **however, Counterdefendants respond as follows: as of this date,**

12 **Counterdefendants have been unable to locate any documents that are**

13 **responsive to this Request.**

14

15      14.    All minutes of meetings of the board of directors, executive committee or

16 stockholders of Dolce Amore from its incorporation to the present, including, without

17 limitation, all data used or presented and notes taken at those meetings.

18 **OBJECTION: Overly broad. Dolce Amore has been in existence since**

19 **November 1999. Not all of the minutes of meetings referred to in this Request**

20 **constitute discoverable evidence, or constitute evidence reasonably**

21 **calculated to lead to discoverable evidence. Without waiving that objection,**

22 **however, Counterdefendants respond as follows: as of this date, and other**

23 **than the Minutes of Organizational Action attached, Counterdefendants have**

24 **been unable to locate any documents that are responsive to this Request.**

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-9853

(Page 10)

@PFDesktop\::ODMA/MHODMA/IMANAGE;RCD_PHX;317250;1

1      15.    All annual and interim reports to shareholders of Dolce Amore from its

2 incorporation to the present.

3 **RESPONSE: As of this date, Counterdefendants have been unable to locate**

4 **any documents that are responsive to this Request.**

5

6      16.    All documents relating to web log, journal or other postings on any website

7 owned or controlled by Jameson, Dolce Amore, Jennasis Entertainment, Inc. or any other

8 entity in which Jameson owns any interest, relating to the Agreement, the A&E Contract or

9 the one-hour VH1 special, or containing any reference to a reality television series involving

10 Jameson.

11 **RESPONSE: As of this date, Counterdefendants have been unable to locate**

12 **any documents that are responsive to this Request.**

13

14      17.    Any videotape, digital images or other photographic depiction of or relating to

15 the pilot created or other preliminary filming or footage taken in connection with the A&E

16 Contract.

17 **RESPONSE: As of this date, Counterdefendants have been unable to locate**

18 **any documents that are responsive to this Request.**

19

20      18.    All documents relating to any efforts by Counterdefendants, or any of them

21 acting solely or in concert with one another, to market a potential reality-based television

22 program featuring Jameson or Grdina.

23 **RESPONSE: E-mails previously disclosed and produced, as well as those**

24 **attached to this document, are responsive to this Request.**

25

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 11)                                      @PFDesktop\:ODMA\MHODMA\IMANAGE;RCD_PHX;317250;1

1    19.    All documents relating to any communications between any of the
2    Counterdefendants, on the one hand, and any media outlet, on the other, relating to an actual
3    or potential television program featuring Jameson or Grdina.
4    **RESPONSE: E-mails previously disclosed and produced, as well as those**
5    **attached to this document, are responsive to this Request.**
6
7    20.    All documents referring to Regan or Regan Media and relating to a potential
8    reality-based television program featuring Jameson or a potential one-hour special featuring
9    Jameson.
10   **RESPONSE: E-mails previously disclosed and produced, as well as those**
11   **attached to this document, are responsive to this Request.**
12
13   21.    All documents relating to, supporting, identified in or referred to in drafting
14   your response to Defendants/Counterclaimants' First Set of Interrogatories.
15   **RESPONSE: As of this date, and other than those previously disclosed and**
16   **produced, as well as those documents attached to this document,**
17   **Counterdefendants did not rely upon any documents that are responsive to**
18   **this Request.**
19   RESPECTFULLY SUBMITTED this 9th day of February, 2006.
20   RENAUD COOK DRURY MESAROS, PA
21
22   By: _____
23   James L. Blair
     Roger W. Hall
     Phelps Dodge Tower
24   One North Central, Suite 900
     Phoenix, AZ 85004-4417
25   *Attorneys for Plaintiff/Counterdefendants*
26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853

(Page 12)                                    @PFDesktop\:ODMA/MHODMA/IMANAGE.RCD_PHX;317250;1

ORIGINAL and ONE COPY of
the foregoing hand-delivered
this 9th day of February, 2006, to:

David J. Bodney, Esq.
Dennis K. Blackhurst, Esq.
STEPTOE & JOHNSON, LLP
Collier Center
201 East Washington Street, Ste 1600
Phoenix, AZ 85004-2382
*Attorneys for Defendants/Counterclaimants*

Deborah Robertson

@PFDesktop\::ODMA/MHODMA/IMANAGE,RCD_PHX;317250;1

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE 602-307-9900
FACSIMILE 602-307-5853