STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

David J. Bodney (006065)
Dennis K. Blackhurst (021678)
Attorneys for Defendants/Counterclaimants
Regan Media, Inc. and Judith Regan

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON, <br><br> Plaintiff, <br><br> vs. <br><br> "REGAN MEDIA," and JUDITH REGAN, an individual, <br><br> Defendants. | No. CV 05-0854 PHX EHC <br><br> **RULE 37.1 STATEMENT IN SUPPORT OF REGAN MEDIA'S SECOND MOTION TO COMPEL AND REQUEST FOR SANCTIONS** <br><br> **(ORAL ARGUMENT REQUESTED)** <br><br> (Assigned to the Honorable Earl H. Carroll) |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual, <br><br> Defendants/Counterclaimants, <br><br> vs. <br><br> JENNA MASSOLI p/k/a JENNA JAMESON, an individual, <br><br> Plaintiff/Counterdefendant, <br><br> and <br><br> JAY GRDINA, an individual, and DOLCE AMORE, INC., a Colorado corporation, <br><br> Counterdefendants. | |

Pursuant to Local Rule 37.1, Defendant/Counterclaimant Regan Media, Inc. ("Regan Media") submits this Rule 37.1 Statement in Support of its Motion to Compel and Request for Sanctions.

**Request for Production No. 1**

All documents reflecting, identifying or relating to any amounts of money or other compensation received by Jameson, Grdina or Dolce Amore in connection with the A&E Contract.

Counterdefendants' Response:

As set forth in Counterdefendants' response to Interrogatory No. 1, Dolce Amore received $150,000 from A&E in February 2005 pursuant to the A&E Contract. Counterdefendants have been unable to locate a copy of that check, and do not know that a copy was even made.

Counterdefendants have produced no bank records or any other documents relating to the $150,000 payment from A&E. Counterdefendants' response to Request No. 1 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 1.

**Request for Production No. 2**

All documents relating to any communications between any of the Counterdefendants, on the one hand, and A&E, on the other, relating to the Agreement, the A&E Contract or any proposed television program featuring Jameson.

2

Counterdefendants' Response:

E-mails previously disclosed and produced, as well as those attached to this document, are responsive to this Request.

Counterdefendants have produced some e-mails with A&E responsive to this Request. Counterdefendants' response to Request No. 2 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made inadequate effort to locate documents responsive to Request No. 2.

**Request for Production No. 3**

All documents relating to any communications between any of the Counterdefendants, on the one hand, and any of the Counterclaimants, on the other, relating to the Agreement, the A&E Contract or any proposed television program featuring Jameson.

Counterdefendants' Response:

E-mails previously disclosed and produced, as well as those attached to this document, are responsive to this Request.

Counterdefendants have produced some communications responsive to this Request. Counterdefendants' response to Request No. 3 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that

3

Counterdefendants have made inadequate effort to locate documents responsive to Request No. 3.

**Request for Production No. 5**

All documents relating to any communications between any of the Counterdefendants, on the one hand, and VH1, on the other, relating to the one-hour special featuring Jameson broadcast by VH1 on or about August 16, 2004, including, without limitation, any videotape, digital images or other photographic depictions of or relating to that VH1 feature.

<u>Counterdefendants' Response:</u>

E-mails previously disclosed and produced, as well as those attached to this document, are responsive to this Request.

Counterdefendants have produced some e-mails responsive to this Request, but did not produce a copy of the VH1 special featuring Jameson. Counterdefendants' response to Request No. 5 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made inadequate effort to locate documents responsive to Request No. 5.

**Request for Production No. 6**

All documents relating to the relationship between Jameson and Dolce Amore, including, without limitation, the "Exclusive Acting Services Agreement" between Jameson and Dolce Amore as referenced in the A&E Contract.

<u>Counterdefendants' Response:</u>

OBJECTION: Overly broad. Massoli's relationship with Dolce Amore dates back to Dolce Amore's incorporation in November 1999. Not everything having to do with that relationship constitutes discoverable

4

evidence, or constitutes evidence reasonably calculated to lead to discoverable evidence. Without waiving that objection, however, Counterdefendants respond as follows: as of this date, and other than the Exclusive Acting Services Agreement itself, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants' objection to Request No. 6 is improper. Counterdefendants' written response to Regan Media's Request for Production was served over two months late; therefore, any objections to Regan Media's Request for Production is waived. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

Moreover, Counterdefendants' response to Request No. 6 is deficient. Counterdefendants failed to produce the "Exclusive Acting Services Agreement" referenced. Counterdefendants' response to Request No. 6 is also deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 6.

**Request for Production No. 7**

All documents reflecting, identifying or relating to any amounts of money or other compensation received by Jameson from Dolce Amore from its incorporation to the present.

5

Counterdefendants' Response:

OBJECTION: Overly broad. Massoli's relationship with Dolce Amore dates back to Dolce Amore's incorporation in November 1999. Not everything having to do with that relationship constitutes discoverable evidence, or constitutes evidence reasonably calculated to lead to discoverable evidence. Without waiving that objection, however, Counterdefendants respond as follows: as of this date, and other than the Exclusive Acting Services Agreement itself, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants' objection to Request No. 7 is improper. Counterdefendants' written response to Regan Media's Request for Production was served over two months late; therefore, any objections to Regan Media's Request for Production is waived. *See Richmark*, 959 F.2d at 1473.

Moreover, Counterdefendants' response to Request No. 7 is deficient. Counterdefendants failed to produce the "Exclusive Acting Services Agreement" referenced or any other documents, such as bank or financial records, evidencing any payments from Dolce Amore to Jameson. Counterdefendants' response to Request No. 7 is also deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 7.

**Request for Production No. 8**

All documents relating to the relationship between Grdina and Dolce Amore.

Counterdefendants' Response:

OBJECTION: Overly broad. Grdina's relationship with Dolce Amore dates back to Dolce Amore's incorporation in November 1999. Not everything having to do with that relationship constitutes discoverable evidence, or constitutes evidence reasonably calculated to lead to discoverable evidence. Without waiving that objection, however, Counterdefendants respond as follows: as of this date, and other than the Exclusive Acting Services Agreement itself, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants' objection to Request No. 8 is improper. Counterdefendants' written response to Regan Media's Request for Production was served over two months late; therefore, any objections to Regan Media's Request for Production is waived. *See Richmark*, 959 F.2d at 1473.

Counterdefendants have produced some documents relating to Grdina's relationship with Dolce Amore. Counterdefendants' response to Request No. 8 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 8.

**Request for Production No. 9**

All documents reflecting, identifying or relating to any amounts of money or other compensation received by Grdina from Dolce Amore from its incorporation to the present.

Counterdefendants' Response:

OBJECTION: Overly broad. Grdina's relationship with Dolce Amore dates back to Dolce Amore's incorporation in November 1999. Not everything

7

having to do with that relationship constitutes discoverable evidence, or constitutes evidence reasonably calculated to lead to discoverable evidence. Without waiving that objection, however, Counterdefendants respond as follows: as of this date, and other than the Exclusive Acting Services Agreement itself, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants' objection to Request No. 9 is improper. Counterdefendants' written response to Regan Media's Request for Production was served over two months late; therefore, any objections to Regan Media's Request for Production is waived. *See Richmark*, 959 F.2d at 1473.

Moreover, Counterdefendants' response to Request No. 9 is deficient. Counterdefendants failed to produce any documents, such as bank or financial records, evidencing any payments from Dolce Amore to Grdina. Counterdefendants' response to Request No. 9 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 9.

**Request for Production No. 10**

All documents relating to the organizational structure of Dolce Amore, including, without limitation, any documents reflecting the incorporation, ownership, offices and directors of Dolce Amore.

Counterdefendants' Response:

Documents relating to Dolce Amore's incorporation are attached.

8

Counterdefendants did produce the articles of incorporation for Dolce Amore. Counterdefendants' response to Request No. 10 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 10.

**Request for Production No. 11**

Tax returns filed on behalf of Dolce Amore from its incorporation to the present.

Counterdefendants' Response:

Dolce Amore's federal tax returns from 2003 and 2002 are attached.

Counterdefendants' response to Request No. 11 is deficient. Counterdefendants' fail to produce returns from 1999, when Dolce Amore was incorporated, through 2001, or from 2004, the most relevant time period.

**Request for Production No. 12**

All documents relating to Dolce Amore's bank accounts from its incorporation to the present, including, without limitation, monthly and annual account statements, summaries of account activity, deposit slips and canceled checks.

Counterdefendants' Response:

OBJECTION: Overly broad. Dolce Amore has been in existence since November 1999. Not all information having to do with Dolce Amore's financial activities constitutes discoverable evidence, or constitutes evidence reasonably calculated to lead to discoverable evidence. Without waiving that objection, however, Counterdefendants respond as follows: as of this

9

date, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants' objection to Request No. 12 is improper. Counterdefendants' written response to Regan Media's Request for Production was served over two months late; therefore, any objections to Regan Media's Request for Production is waived. *See Richmark*, 959 F.2d at 1473. Regardless, the documents requested are relevant (1) to trace any amounts received under the A&E Contract, and (2) to establish a number of factors relevant to Counterclaimants' alter ego allegations, including the capitalization of Dolce Amore, commingling of funds and property, the operation of Dolce Amore as a separate entity, etc.

Counterdefendants' production is deficient because it includes no bank records or other documents responsive to Request No. 12. Counterdefendants' response to Request No. 12 is also deficient because it does not indicate that responsive documents do not exist, that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 12.

**Request for Production No. 13**

All books, records and documents relating to the financial condition of Dolce Amore for the fiscal years 2003 to the present, including, without limitation:
a.  financial statements;
b.  journals (or other books of original entry) and ledgers, including cash receipts journals, cash disbursements journals, sales journals, general

10

journals, general ledgers, trial balance sheets and supporting workpapers;
   c. charts of accounts with a description of each account;
   d. general correspondence and administrative files;
   e. a list of all bank accounts, including names of banks, account numbers and addresses;
   f. stock ownership records, including the name and address of the registrar and transfer agent;
   g. charts, graphs and other documents showing the organizational relationship between, or ownership of, Dolce Amore and its parent, subsidiary and affiliate companies; and
   h. documents relating to transactions between Dolce Amore and its officers, directors and affiliates, including documents showing direct and indirect compensation, remuneration, dividends, bonuses, interest, profits and employment contracts.

Counterdefendants' Response:

OBJECTION: Overly broad and unduly burdensome. Dolce Amore has been in existence since November 1999. Not all information requested above constitutes discoverable evidence, or constitutes evidence reasonably calculated to lead to discoverable evidence. Without waiving that objection, however, Counterdefendants respond as follows: as of this date, and other than the Minutes of Organizational Action attached, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants' objection to Request No. 13 is improper. Counterdefendants' written response to Regan Media's Request for Production was served over two months late; therefore, any objections to Regan Media's Request for Production is waived. *See Richmark*, 959 F.2d at 1473. Regardless, the documents requested are relevant (1) to trace any amounts received under the A&E Contract, and (2) to establish a number of factors relevant to Counterclaimants' alter ego allegations, including the capitalization of Dolce Amore, commingling of funds and property, the operation of Dolce Amore as a separate entity, etc.

Counterdefendants' production is deficient because it includes no financial documents responsive to Request No. 13. Counterdefendants' response to Request No. 13 is also deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 13.

**Request for Production No. 14**

All minutes of meetings of the board of directors, executive committee or stockholders of Dolce Amore from its incorporation to the present, including, without limitation, all data used or presented and notes taken at those meetings.

Counterdefendants' Response:

OBJECTION: Overly broad. Dolce Amore has been in existence since November 1999. Not all of the minutes of meetings referred to in this Request constitute discoverable evidence, or constitute evidence reasonably calculated to lead to discoverable evidence. Without waiving that objection, however, Counterdefendants respond as follows: as of this date, and other than the Minutes of Organizational Action attached, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants' objection to Request No. 14 is improper. Counterdefendants' written response to Regan Media's Request for Production was served over two months late; therefore, any objections to Regan Media's Request for Production is waived. *See Richmark*, 959 F.2d at 1473. Regardless, the documents requested are relevant to factors relevant to Counterclaimants' alter ego allegations, such as Jameson's and Grdina's

control over Dolce Amore, Dolce Amore's operation as an instrumentality of Jameson and Grdina, the extent of Dolce Amore's independence, etc.

Counterdefendants' have produced no corporate minutes for Dolce Amore, although they reference "Minutes of Organizational Action" in their response. Moreover, Counterdefendants' response to Request No. 14 is deficient because it does not indicate that no responsive documents exist, that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 14.

**Request for Production No. 15**

All annual and interim reports to shareholders of Dolce Amore from its incorporation to the present.

Counterdefendants' Response:

As of this date, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants' response to Request No. 15 is deficient because it does not indicate that no responsive documents exist, that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 15.

**Request for Production No. 16**

All documents relating to web log, journal or other postings on any website owned or controlled by Jameson, Dolce Amore, Jennasis Entertainment, Inc. or any other entity in which Jameson owns any interest, relating to the Agreement, the A&E Contract or the one-hour VH1 special, or containing any reference to a reality television series involving Jameson.

Counterdefendants' Response:

As of this date, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants' response to Request No. 16 is deficient because it does not indicate that no responsive documents exist, that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. Regan Media specifically requested the production of electronic documents, including hard drives. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 16.

**Request for Production No. 17**

Any videotape, digital images or other photographic depiction of or relating to the pilot created or other preliminary filming or footage taken in connection with the A&E Contract.

Counterdefendants' Response:

As of this date, Counterdefendants have been unable to locate any documents that are responsive to this Request.

Counterdefendants have confirmed that a pilot of the program was filmed, but have failed to produce a copy. Counterdefendants' response to Request No. 17 is deficient

because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents.

**Request for Production No. 18**

All documents relating to any efforts by Counterdefendants, or any of them acting solely or in concert with one another, to market a potential reality-based television program featuring Jameson or Grdina.

Counterdefendants' Response:

E-mails previously disclosed and produced, as well as those attached to this document, are responsive to this Request.

Counterdefendants have produced some e-mails and other documents responsive to this Request. Counterdefendants' response to Request No. 18 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 18.

**Request for Production No. 19**

All documents relating to any communications between any of the Counterdefendants, on the one hand, and any media outlet, on the other, relating to an actual or potential television program featuring Jameson or Grdina.

Counterdefendants' Response:

E-mails previously disclosed and produced, as well as those attached to this document, are responsive to this Request.

Counterdefendants have produced some e-mails and other documents responsive to this Request. Counterdefendants' response to Request No. 19 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 19.

**Request for Production No. 20**

All documents referring to Regan or Regan Media and relating to a potential reality-based television program featuring Jameson or a potential one-hour special featuring Jameson.

<u>Counterdefendants' Response:</u>

E-mails previously disclosed and produced, as well as those attached to this document, are responsive to this Request.

Counterdefendants have produced some documents responsive to this Request. Counterdefendants' response to Request No. 20 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 20.

**Request for Production No. 21**

All documents relating to, supporting, identified in or referred to in drafting your response to Defendants/Counterclaimants' First Set of Interrogatories.

Counterdefendants' Response:

As of this date, and other than those previously disclosed and produced, as well as those documents attached to this document, Counterdefendants did not rely upon any documents that are responsive to this Request.

Counterdefendants' response to Request No. 21 is deficient because it does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents responsive to Request No. 21.

Respectfully submitted this 17th day of February, 2006.

STEPTOE & JOHNSON LLP

By: /s/ David J. Bodney
    David J. Bodney
    Dennis K. Blackhurst
    Collier Center
    201 East Washington Street
    Suite 1600
    Phoenix, Arizona 85004-2382

Attorneys for Defendants/
Counterclaimants Regan Media, Inc. and
Judith Regan

17

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2006, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electric Filing to the following CM/ECF Registrants:

> James L. Blair
> Roger William Hall
> Renaud Cook Drury Mesaros, PA
> Phelps Dodge Tower
> One North Central, Suite 900
> Phoenix, AZ 85004-4417
> *Attorneys for Plaintiff/Counterdefendant and*
> *Third-Party Counterdefendant*

I hereby certify that on the 17th day of February, 2006, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

> Bernard M. Brodsky
> Jeffrey F. Reina
> Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
> 42 Delaware Avenue, Suite 300
> Buffalo, NY 14202-3857
> *Attorneys for Plaintiff/Counterdefendant and*
> *Third-Party Counterdefendant*

/s/ Beth Gibson
Beth Gibson            491772