David E. Rauch (#015261)
Monica A. Limón-Wynn (#019174)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Attorneys for Attorneys for
Plaintiff/Counterdefendant Jenna Massoli
and Third-Party Counterdefendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON,<br><br>    Plaintiff,<br><br>v.<br><br>"REGAN MEDIA," JUDITH REGAN, as an individual,<br><br>    Defendant.<br>REGAN MEDIA, INC., a New York Corporation, and JUDITH REGAN, an individual,<br><br>    Defendants/Counterclaimant,<br><br>v.<br><br>JENNA MASSOLI p/k/a JENNA JAMESON, an individual,<br><br>    Counterdefendant,<br><br>and<br><br>JAY GRDINA, an individual, and DOLCE AMORE, INC., a Colorado corporation,<br><br>    Counterdefendants. | No. CIV 05-0854-PHX-EHC<br><br>**RESPONSE IN OPPOSITION TO REGAN MEDIA'S SECOND MOTION TO COMPEL AND REQUEST FOR SANCTIONS** |

Plaintiff and Counterdefendants respond in opposition to Regan Media's Second

Motion to Compel ("Motion"). As previously acknowledged Plaintiffs' document gathering and production efforts have not gone as smoothly as one would hope. Those short-comings, however, are not as dire as Regan would have the Court believe, nor have they hampered Regan's effort to pursue the substance of the case. The few remaining documents to be produced are discussed below.

## I. THE MOTION TO COMPEL SHOULD BE DENIED

### A. Responses to Requests Nos. 2-3, 5-6, 10, 14-15, 17-21 Are Not Deficient

In their Motion, Defendants/Counterdefendants Judith Regan and Regan Media, Inc. (collectively "Regan") take issue with 20 out of the 21 Responses of Plaintiff/Counterdefendant Jenna Massoli ("Ms. Massoli") and Counterdefendants Jay Grdina ("Mr. Grdina") and Dolce Amore, Inc. ("Dolce") (collectively "Plaintiffs") to Regan's First Request for Production ("RFP"). Regan contends that 19 of these Responses are deficient. But Regan's contention is based on semantics, not a production deficiency. Specifically, Regan complains that the Responses are deficient because for each Request, the Response:

> does not indicate that all responsive documents have been produced or that Counterdefendants have conducted a reasonable search to locate responsive documents. In light of the sparse production of documents received from Counterdefendants, Regan Media believes that Counterdefendants have made little or no effort to locate documents

(Motion at p. 2-17.) Albeit perhaps inartfully, the Responses to Request Nos. 2-3, 5-6, 10, 14-15, and 17-21 state that "Counterdefendants have been unable to locate any documents that are responsive to this Request." Except as discussed below, the more precise Response for Request Nos. 2-3, 5-6, 10, 14-15, 17-21 is that "All documents responsive to this Request, if any, have been produced; there are no additional responsive documents."

### B. Dolce Amore Is Closely Held and Operated Informally

Regan's concerns regarding the dearth of Dolce Amore corporate documents are

1  misguided. As has already been explained in Plaintiffs' interrogatory responses, Dolce
2  Amore is a closely-held, private corporation whose sole directors and shareholders are,
3  and always have been, limited to Mr. Grdina and Ms. Massoli. Ms. Massoli and Mr.
4  Grdina each own 50% of Dolce Amore. Informal meetings and discussions regarding the
5  business affairs and operation of Dolce Amore occur between Mr. Grdina and Ms.
6  Massoli almost daily. No formal minutes are kept. (See Responses to Interrogatory Nos.
7  3 and 15.)

Request No. 7 seeks documents regarding money or compensation received by Ms. Massoli from Dolce Amore. Dolce Amore and Ms. Massoli agree to produce documents associated with, and which primarily and merely evidence the fact of, the payment of Ms. Massoli's monthly salary from Dolce Amore, and the occasional payment from Dolce Amore to Ms. Massoli for amounts paid to Dolce Amore attributable solely to Ms. Massoli's efforts (such as the $150,000 in this case). But no formal documentation, such as an employment agreement between Dolce Amore and Ms. Massoli, exists.

Similarly, Requests Nos. 8 and 9 seek documents "relating to the relationship between Grdina and Dolce Amore," and about "money or other compensation received by Grdina," and Request Nos. 10, 14, and 15 seek documents regarding the structure, incorporation, and ownership of Dolce Amore, the minutes, and the annual and interim reports. The Articles of Incorporation were produced with Plaintiffs' Responses, as were the Minutes of Organizational Action of the Board of Directors of Dolce Amore, Inc. There are no other documents responsive to these Requests. For example, no employment agreement exists between Mr. Grdina and Dolce Amore. Also, to the extent the Requests seek documents reflecting the salary paid by Dolce Amore to Mr. Grdina, such documents are well beyond the scope of discovery in this lawsuit.

**C. Documents Dating Back to 1999 Are Beyond the Scope of Discovery**

Based upon the allegations asserted in both the Complaint and the Amended Answer and Counterclaim, the events giving rise to this action began in or around October

2003. Dolce Amore was formed in November 1999. The majority of Regan's Requests in her RFP contain no timeframe at all or expressly seek Dolce Amore documents dating back or that were created since its inception in 1999.

Documents prior to 2003 that are requested in Request Nos. 7-12, and 14-15 are beyond the scope of discovery in this litigation and will not be produced.

### D. Overbroad and Unduly Burdensome Requests

In addition to seeking information dating back to 1999, several of Regan's Requests seek vast amounts of financial information. For example, Request Nos. 12 and 13 seek journals, ledgers, trial balance sheets, supporting workpapers, charts of accounts, general correspondence, administrative files, deposit slips, canceled checks, etc.

For Request No. 12, Dolce Amore agrees to produce its bank account statements for years 2003 through current, subject to a confidentiality agreement.

For Request No. 13, Dolce Amore agrees to produce the financial statements requested in 13(a), the list of bank accounts requested in 13(e), and stock ownership records requested in 13(f) subject to a confidentiality agreement. There are no documents responsive to 13(g). The documents requested in 13(h) are duplicative of Request Nos. 7-9.

### E. Other Specific Requests

As for Request No. 1, a receipt for the wire transfer of the $150,000 has been located and will be produced. No other documents responsive to Request No. 1 exist.

As for Request No. 6, the "Exclusive Acting Services Agreement" does not exist.

As for Request No. 11, it seeks tax returns filed on behalf of Dolce Amore since it was incorporated. Dolce Amore produced federal tax returns for tax years 2002 and 2003, and Arizona tax returns for tax years 2002 and 2003. Dolce Amore agrees to produce the federal and Arizona tax returns for 2004. For the reasons stated above, the tax returns filed for tax years 2001 and prior, if any, are beyond the scope of discovery in this action.

As for Request No. 16, admittedly, Plaintiffs did not initially understand what documents were being sought under this Request. Plaintiffs now understand that Request No. 16 seeks the on-line "diary entries" made by Ms. Massoli and agrees to produce all documents regarding same.

## II. SCHEDULING ORDER

Plaintiffs join Regan's request that the dates set forth in the Scheduling Order be adjusted and would agree to adopt the schedule proposed by Regan.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Regan's Second Motion to Compel and Request for Sanctions on grounds that the majority of Regan's Requests seek documents that do not exist or that are clearly outside the scope of discovery. The few discoverable documents that do exist but have not yet been produced will be produced immediately.

RESPECTFULLY SUBMITTED this 24th day of March, 2006.

SNELL & WILMER L.L.P.


By s/ *David E. Rauch*
David E. Rauch
Monica A. Limón-Wynn
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ 85004-2202
Attorneys for Plaintiff/Counterdefendant Jenna Massoli and Third-Party Counterdefendant Jay Grdina

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

David J. Bodney (006065)
Dennis K. Blackhurst (021678)
STEPTOE & JOHNSON L.L.P.
Collier Center
210 East Washington Street, Suite 1600
Phoenix, AZ 85004-2381
Attorneys for Defendants/Counterclaimants Regan Media, Inc.
and Judith Regan

s/ Linda I. Patenaude
_____