| | |
|---|---|
| 1 | STEPTOE & JOHNSON LLP |
| | Collier Center |
| 2 | 201 East Washington Street, Suite 1600 |
| 3 | Phoenix, Arizona 85004-2382 |
| | Telephone: (602) 257-5200 |
| 4 | Facsimile: (602) 257-5299 |
| 5 | David J. Bodney (006065) |
| | Dennis K. Blackhurst (021678) |
| 6 | Attorneys for Defendants/Counterclaimants |
| 7 | Regan Media, Inc. and Judith Regan |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON, | ) ) ) | No. CV 05-0854 PHX EHC |
| Plaintiff, | ) ) | |
| vs. | ) ) | **REGAN MEDIA'S REPLY IN SUPPORT OF ITS SECOND MOTION TO COMPEL AND REQUEST FOR SANCTIONS** |
| "REGAN MEDIA," and JUDITH REGAN, an individual, | ) ) ) | |
| Defendants. | ) ) | |
| | ) | (Oral Argument Requested) |
| REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual, | ) ) ) ) | [Assigned to the Honorable Earl H. Carroll] |
| Defendants/Counterclaimants, | ) ) | |
| vs. | ) ) | |
| JENNA MASSOLI p/k/a JENNA JAMESON, an individual, | ) ) ) | |
| Plaintiff/Counterdefendant, | ) ) | |
| and | ) ) | |
| JAY GRDINA, an individual, and DOLCE AMORE, INC., a Colorado corporation, | ) ) ) ) | |
| Counterdefendants. | ) | |

## Introduction

The Response filed by Counterdefendants Jenna Massoli p/k/a Jenna Jameson ("Jameson"), Jay Grdina ("Grdina") and Dolce Amore, Inc. ("Dolce Amore") is essentially a delinquent response to Regan Media's First Request for Production of Documents that should have been served over three months ago.  Although ostensibly filed in response to Regan Media's Second Motion to Compel, the Response ignores the substance of the Second Motion to Compel.  Instead of explaining Counterdefendants' complete failure to participate in discovery this year, Counterdefendants list a few categories of documents they now intend to produce, criticize their predecessor's "inartfully" crafted responses and voice objections that were due in early December 2005. They ignore numerous points raised in the Second Motion to Compel, but argue that it should be denied because Counterdefendants are now ready to proceed with discovery. Counterdefendants ignore the fact that their conduct has undermined the Court's Scheduling Order and required Regan Media to file two Motions to Compel. Counterdefendants offer no excuse for their discovery abuses, and as this Reply will show, should be sanctioned.

**I.      COUNTERDEFENDANTS SHOULD BE SANCTIONED.**

Counterdefendants admit Regan Media's recitation of the factual background: (1) Regan Media served its Request for Production in early November 2005; (2) Counterdefendants failed to respond at all when their responses were due in December 2005; (3) Regan Media filed a motion to compel in January 2006; (4) Counterdefendants represented to the Court that responsive documents would be produced on February 7; (5)

2

on February 9, after much prodding by Regan Media's counsel, Counterdefendants produced an obviously incomplete set of documents; and (6) as a result, Regan Media was obliged to file a Second Motion to Compel, postpone the depositions of Jameson and Grdina and request modification of the Scheduling Order. Counterdefendants do not challenge this account, effectively conceding the obvious – that they ignored this litigation for several months.[1]

Furthermore, since Regan Media filed the Second Motion to Compel, Counterdefendants' lawyers moved to withdraw from the case as a result of Counterdefendants' failure to comply with their discovery obligations. The withdrawal papers demonstrate that Counterdefendants ignored repeated requests, not just from Regan Media, but from their own attorneys to provide information and additional documentation in response to Regan Media's Request for Production and Motions to Compel. [*See* March 7, 2006 Application to Withdraw as Counsel Filed by Renaud Cook Drury Mesaros, PA and Attorney's Certificate of Compliance with LRCiv 83.3(b)(2)(A).] Although Counterdefendants represent in their Response that certain documents will be forthcoming, they made and broke similar promises in response to Regan Media's first Motion to Compel. [*See* January 23, 2006 Response to Defendant/Counterclaimant Regan Media's Motion to Compel at 4.]

---

[1] Counterdefendants also fail to respond to Regan Media's request that they sign their Interrogatory responses under Fed.R.Civ.P. 33(b)(2). [*See* Memorandum in Support of Regan Media's Second Motion to Compel at 3, n. 1.] Regan Media again requests that Counterdefendants be ordered to verify those responses.

3

The Response suggests that the Second Motion to Compel should be denied because Counterdefendants are now ready to cooperate and wish to proceed with limited discovery. However, Counterdefendants should not be permitted a "do-over," an opportunity to voice new objections and negotiate the documents that they will produce after spurning Regan Media, the Court and their own counsel for several months. Regan Media requests that the Court enter monetary sanctions -- in addition to the fees Counterdefendants have already agree to pay in connection with Regan Media's First Motion to Compel -- and order Counterdefendants to show cause why judgment should not be entered in Regan Media's favor on all counts of the Complaint and Counterclaim. If Counterdefendants cannot offer an explanation for their refusal to cooperate in discovery, then the only issue in this case going forward should be the amount of damages for which Counterdefendants are liable.[2]

## II. COUNTERDEFENDANTS SHOULD BE REQUIRED TO DEMONSTRATE THAT THEY HAVE TAKEN ADEQUATE STEPS TO IDENTIFY AND PRODUCE ALL RELEVANT DOCUMENTS.

Counterdefendants argue that Regan Media's Second Motion to Compel is "based on semantics," and that Counterdefendants have already indicated that for Request Nos. 2-3, 5-6, 10, 14-15 and 17-21, additional responsive documents do not exist. [*See* Response at 2.] Although some of Counterdefendants' initial responses to Regan Media's requests state that "As of this date, Counterdefendants have been unable to locate any

---

[2] Counterdefendants have admitted their duty to pay the reasonable attorneys' fees incurred by Regan Media's attorneys in endeavoring to secure their compliance with discovery obligations. [*See* January 23, 2006 Response to Defendant/Counterclaimant Regan Media's Motion to Compel at 4.]

4

documents that are responsive," Counterdefendants never represented that responsive documents do not exist. Moreover, Counterdefendants made the same representation in response to Request Nos. 12-13 and 16, but now represent that responsive documents exist and will be produced. [*See* Response at 4-5.]

By arguing that the Second Motion to Compel is based on "semantics," Counterdefendants attempt to trivialize the Second Motion to Compel or suggest that it was not justified. It is clear, however, that Counterdefendants disregarded Regan Media's document requests completely for several months, such that their previous counsel felt obligated to withdraw. It is also clear that no effort was made to produce the financial documents that plainly exist but only now -- after two Motions to Compel -- are being offered for production (subject to a confidentiality agreement). Although Counterdefendants now represent that no "Exclusive Acting Services Agreement" exists between Jameson and Dolce Amore, this is a flat contradiction of Counterdefendants' earlier statements. [*See* February 17, 2006 Rule 37.1 Statement in Support of Regan Media's Second Motion to Compel and Request for Sanctions at 4, response to Request for Production No. 6.] Regan Media's counsel contacted Counterdefendants' previous counsel before filing the Second Motion to Compel, and were given the distinct impression that no effort was made to gather responsive documents – an impression which proved to be accurate.

It may well be true that additional documents do not exist, but Counterdefendants should demonstrate that a reasonable search was conducted to identify responsive documents, especially in light of their delinquent attitude toward discovery thus

5

far in this litigation. For instance, Counterdefendants have produced a limited set of correspondence, which includes approximately 30-35 potentially relevant e-mail messages from a number of e-mail accounts belonging to Jameson and Grdina. Regan Media's Request for Production specifically seeks the production of electronic data wherever located, and Counterdefendants have not objected to this request. The mere production of a small set of e-mail messages does not demonstrate that Counterdefendants took adequate steps to identify all locations where relevant e-mail or other electronic documents could be stored. Counterdefendants should be ordered to appear and explain their efforts to gather responsive documents.

### III. COUNTERDEFENDANTS' OBJECTIONS HAVE BEEN WAIVED AND ARE MISPLACED.

Counterdefendants object to several of Regan Media's requests as overbroad, irrelevant or burdensome. [*See* Response at 3-4.] For instance, Counterdefendants state that Dolce Amore's financial records prior to 2003 "are beyond the scope of discovery in this litigation and will not be produced." [*See* Response at 4.] However, any objections as to the breadth or scope of documents requested by Regan Media were waived when Counterdefendants failed to raise them in December. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection"). Counterdefendants should be ordered to produce *all* of the documents identified in Regan Media's Request for Production without reservation.

6

Even if Counterdefendants had timely raised these objections, they should be rejected on the merits. Regan Media and Judith Regan have alleged that Dolce Amore is a sham corporation that exists solely as a financial tool of Jameson and Grdina. [*See* Amended Counterclaim ¶¶ 91-96.] Accordingly, Regan Media seeks documents and information that would show how Grdina and Jameson have controlled and operated Dolce Amore since its inception. Under Arizona law, relevant factors include the intermingling of corporate and personal assets, observance of corporate formalities and diversion of corporate assets to personal needs. *See Keams v. Tempe Technical Institute, Inc.*, 993 F.Supp. 714, 723 (D. Ariz. 1997). Therefore, Dolce Amore's corporate and financial dealings are relevant and discoverable. A key factor under an alter ego analysis is the corporation's capitalization, a factor measured at the time of the corporation's organization. *See id.*, 993 F.Supp. at 724. Accordingly, Regan Media is entitled to discover financial information dating back to Dolce Amore's incorporation in 1999 to examine the historical operation and use of Dolce Amore by Jameson and Grdina. Counterdefendants should be compelled to produce all responsive documents.

**Conclusion**

Counterdefendants should be sanctioned for their discovery abuses. They offer no explanation for ignoring Regan Media's Request for Production or for their late decision to produce responsive documents. Regan Media should be awarded its fees incurred in bringing this Second Motion to Compel, and, as an additional sanction, judgment in its favor on the Counterclaim and the underlying Complaint that Jenna Jameson brought but has not seen fit to prosecute.

7

Respectfully submitted this 3rd day of April, 2006.

STEPTOE & JOHNSON LLP

By: /s/ David J. Bodney
   David J. Bodney
   Dennis K. Blackhurst
   Collier Center
   201 East Washington Street
   Suite 1600
   Phoenix, Arizona 85004-2382

Attorneys for Defendants/
Counterclaimants Regan Media, Inc. and
Judith Regan

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2006, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electric Filing to the following CM/ECF Registrants:

David E. Rauch
Monica A. Limón-Wynn
Snell & Wilmer, LLP
One Arizona Center
Phoenix, Arizona 85004-2202
*Attorneys for Plaintiff/Counterdefendant and*
*Third Party Counterdefendant*

James L. Blair
Roger William Hall
Renaud Cook Drury Mesaros, PA
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, AZ 85004-4417
*Attorneys for Plaintiff/Counterdefendant and*
*Third-Party Counterdefendant*

I hereby certify that on the 3rd day of April, 2006, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

Bernard M. Brodsky
Jeffrey F. Reina
Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202-3857
*Attorneys for Plaintiff/Counterdefendant and*
*Third-Party Counterdefendant*

/s/ Beth Gibson
Beth Gibson            494955