**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JENNA MASSOLI p/k/a JENNA JAMESON,<br><br>    Plaintiff,<br><br>vs.<br><br>REGAN MEDIA and JUDITH REGAN, an individual,<br><br>    Defendants.<br>─────────────────────────<br>REGAN MEDIA, INC., a New York corporation, and JUDITH REGAN, an individual,<br><br>    Defendants/Counterclaimants,<br><br>vs.<br><br>JENNA MASSOLI, p/k/a JENNA JAMESON, an individual,<br><br>    Plaintiff/Counterdefendant,<br><br>and<br><br>JAY GRDINA, an individual, and DOLCE AMORE, INC., a Colorado corporation,<br><br>    Counterdefendants. | No. CIV 05-0854-PHX-EHC<br><br>**ORDER** |

Pending before the Court are Defendant/Counterclaimant Regan Media's Motion to Compel [dkt. 68] and Second Motion to Compel and Request for Sanctions [dkt. 78]. The Motions are fully briefed.

1        On January 5, 2006, Regan Media filed a Motion to Compel, seeking an order
2 compelling Plaintiff/Counterdefendant and Counterdefendants (collectively,
3 Counterdefendants) to respond to Regan Media's First Request for Production of
4 Documents, which was served on November 4, 2005, and awarding Regan Media its
5 expenses and attorneys' fees incurred in bringing the Motion to Compel.
6 Counterdefendants allege that they failed to respond because they were busy with
7 activities in the adult film industry. Counterdefendants agreed to respond to the Request
8 for Production within 15 days of January 23, 2006 and to pay the costs and attorneys'
9 incurred by Regan Media in bringing the Motion to Compel. [Dkt. 74, p. 4]. On February
10 9, 2006, Counterdefendants served their Response to the Request for Production.

11        On February 17, 2006, Regan Media filed a Second Motion to Compel, alleging that
12 the Response to the Request for Production is incomplete and contains improper
13 objections. A "party upon whom the request [for production] is served shall serve a
14 written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). The
15 Ninth Circuit has found "that a failure to object to discovery requests within the time
16 required constitutes a waiver of any objection." <u>Richmark Corp. v. Timber Falling</u>
17 <u>Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) (objections waived where not raised in a
18 timely response to the request for production). Here, the Request for Production was
19 served on Counterdefendants on November 4, 2005. Counterdefendants did not respond
20 to the Request for Production until February 9, 2006. Because their response was two
21 months late, Counterdefendants waived their objections to the Request for Production.
22 The Court will order Counterdefendants, pursuant to the Second Motion to Compel, to
23 respond fully and without objection to the Request for Production by May 31, 2006.

24        Counterdefendants argue that they have produced all documents responsive to a
25 number of the document requests. The Court does not accept that argument because
26 Counterdefendants admit they have attended to their activities in the adult film industry
27 to the detriment of their obligation to participate in discovery in this case. Given that
28

1  history, Counterdefendants will be ordered to describe their efforts to find documents in
2  response to the Request for Production.

3      Counterdefendants failed to sign their Responses to Regan Media's First Set of
4  Interrogatories as required by Fed. R. Civ. P. 33(b)(2). They will be ordered to do so.

5      Accordingly,

6      **IT IS ORDERED** that Defendant/Counterclaimant Regan Media's Motion to Compel
7  [dkt. 68] and Second Motion to Compel and Request for Sanctions [dkt. 78] are **GRANTED**
8  **IN PART**.

9      **IT IS FURTHER ORDERED** that Plaintiff/Counterdefendant and Counterdefendants
10 shall respond fully and without objection to Defendant/Counterclaimant Regan Media's
11 First Request for Production of Documents by **May 31, 2006**. The Response shall include
12 a description of their efforts to find documents in response to the First Request for
13 Production of Documents.

14     **IT IS FURTHER ORDERED** that Plaintiff/Counterdefendant and Counterdefendants
15 shall sign their Responses to Defendant/Counterclaimant Regan Media's First Set of
16 Interrogatories by **May 31, 2006.**

17     **IT IS FURTHER ORDERED** that Plaintiff/Counterdefendant and Counterdefendants
18 shall pay, as agreed, Defendant/Counterclaimant Regan Media's reasonable expenses and
19 attorneys' fees incurred in filing the Motion to Compel.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

1 **IT IS FURTHER ORDERED** that Defendant/Counterclaimant Regan Media's request
2 for reasonable expenses and attorneys' fees incurred in filing the Second Motion to Compel
3 and Request for Sanctions is **DENIED**, without prejudice to reurging upon the filing of a
4 Supplemental Memorandum setting forth the reasonable expenses and attorneys' fees
5 incurred in filing the Second Motion to Compel and Request for Sanctions. If a
6 Supplemental Memorandum is filed, Plaintiff/Counterdefendant and Counterdefendants
7 may file a Responsive Memorandum within 10 days.

8 DATED this 22nd day of May, 2006.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge

- 4 -